Green, Judge,
delivered the opinion of the court:
The petition in this case shows that it is a suit filed under the act of May 24, 1938, 52 Stat. 438; sections 7291 to 732, inclusive, Title 18, U. S. Code (Sup. Y), which is an Act to grant relief to persons erroneously convicted in the courts of the United States. The petition may be súmmarized by stating that it alleges that the plaintiff and another party were tried June 9, 1937, in the United States District Court of the Middle District of Georgia, on the charge of robbing a bank and that although they were in New York City on the date of the robbery and offered proof of the fact the jury found them guilty and they were sentenced to imprisonment, in the penitentiary; that a motion for a new trial was overruled by the court and their plea denied, and that as a consequence the plaintiff was. confined in a Federal prison until his innocence was established by the apprehension of the guilty parties, whereupon the plaintiff was granted a full pardon by the President of the United States, the pardon reciting that the plaintiff was innocent of the offense for which he was held.
A copy of the pardon granted is attached to the petition and reads as follows:
*435 Franklin D. Roosevelt

President of the United States of America

To all to whom these presents shall come, greeting:.

Whereas Martin Prisament was convicted in the United States District Court for the Middle District of Georgia of robbing a member bank of the Federal Deposit Insurance Corporation, in violation of Section 588 (b), Title 12, U. S. C., and on June fourteenth, 1937, was sentenced to imprisonment for three years, the United States Industrial Reformatory at Chillicothe, Ohio, being designated as the place of confinement; and
Whereas the said Martin Prisament was- transferred to the United States Penitentiary at Lewisburg, Pennsylvania ; and
Whereas it has been made to appear to me that the said Martin Prisament is innocent of the offense for which he is now being held:
Now, therefore, be it known, that I, Franklin D. Roosevelt, President of the United States of-America, in-consideration of the premises, divers other good and sufficient reasons me thereunto moving, do hereby grant unto the said Martin Prisament a full and unconditional pardon.
In testimony whereof I have hereunto signed my name and caused the seal of the Department of Justice to be affixed.
Done at the City of Washington this Twelfth day of July, in the year of our Lord One Thousand Nine Hundred and Thirty-nine, and of the Independence of the United States the One Hundred and Sixty-fourth.
[seal] Franklin D. Roosevelt.
By the President:
Frank Murphy,

Attorney General.

The motion to dismiss the action is on the ground that the petition shows that the court has no jurisdiction of the cause presented. More specifically in argument -counsel for defendant contend that the petition and amendment thereto failed to allege the matters required by the statute in order to enable a person who has been wrongfully convicted to recover damages.
*436 It is quite clear that this contention must be sustained. The act of May 24, 1938, upon which the plaintiff relies, states in the first section thereof certain general provisions, compliance with which is necessary in order that a person who has been convicted of a crime against the United States of which he is innocent may, “subject to the limitations and conditions hereinafter stated, * * * maintain suit against the United States in the Court of Claims for damages sustained by him as a result of such conviction and imprisonment,” and further recites as follows:
Seo. 2- The only evidence admissible on the issue of innocence of the plaintiff shall be a certificate of the court in which such person was adjudged not guilty or a pardon or certified copy of a pardon, and such certificate of the court,' pardon, or certified copy of a pardon shall contain recitals or findings that—
(a) Claimant did not commit any of the acts with which .he was charged; or
(b) that his conduct in connection with such charge did not constitute a crime or offense against the United States or any State, Territory, or possession of the United States or the District of Columbia, in which the offense or acts are alleged to have been committed; and
(c) that he has not, either intentionally, or by willful misconduct, or negligence, contributed to bring about his arrest or conviction.
Seo. 3. No pardon or certified copy of a pardon shall be filed with the Court of Claims unless it contains recitals that the pardon was granted after applicant had exhausted all recourse to the courts and further that the time for any court to exercise its jurisdiction had expired.
The right of action is by the express language of the first section made subject to the limitations and conditions stated in sections 2 and 3. It will be seen that under the statute the only evidence admissible to show the innocence of the plaintiff is a pardon which contains certain recitals. It is evident that the pardon of plaintiff does not state the matters required by the statute to make it admissible in evidence. We need not determine whether the statement in the pardon that “the said Martin Prisament is innocent of the offense for which he is now being held” is a sufficient *437 compliance with subdivision (b) of section 2 of the Act, as there is an absolute failure to state the matters required by subdivision (c) and section 3 of the statute, or anything that would be the equivalent thereof. The statement in the pardon to the effect that it is granted in consideration of “divers other good and sufficient reasons me thereunto moving” in nowise complies with the statute.
No objection is made on the ground that a motion to dismiss is filed instead of a demurrer. Either way the objection to the cause of action is made, the result would be the same. The petition must be dismissed and it is so ordered.
The case is an unfortunate one and it may seem to the plaintiff that relief is denied him by reason of a technicality, but we have no discretion in the matter and must proceed in accordance with the law. Congress alone can relieve the plaintiff from the hardship of his situation, and to that body rather than the Court of Claims plaintiff should present his appeal.
Whitaker, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.