Whitakee, Judge,
delivered the opinion of the court:
This case is before us on what the defendant calls its plea to the jurisdiction. The paper filed is not a plea, but is in all essential respects a motion to dismiss for lack of jurisdiction, and it will be so treated.
It is grounded, first, on the fact that the petition, with the annexed exhibits, shows on its face that the pardon was granted prior to the passage of the Act of May 24, 1938 (52 Stat. 438), and that this Act applies only to acquittals or pardons after the passage of the Act. The case is brought under the terms of this Act of May 24, 1938 for the relief therein granted, and that Act plainly has application only to such pardons as are granted after its passage. The first section of the Act reads:
That any person who, having been convicted of any crime or offense against the United States and having been sentenced to imprisonment and having served all or any part of his sentence, shall hereafter, on appeal or on a new trial or rehearing, be found not guilty of the crime of which he was convicted or shall hereafter receive a pardon on the ground of innocence, * * * may, subject to the limitations and conditions here *592 inafter stated, and in accordance with the provisions of the Judicial Code, maintain suit against the United States in the Court of Claims for damages sustained by him as a result of such conviction and imprisonment. [Italics ours.]
The plaintiff, therefore, is plainly not entitled to the relief granted by the statute, inasmuch as the pardon shows on its face that it was granted on March 2, 1933, and the Act was passed on May 24, 1938.
Second, defendant also defends on the ground that the pardon does not contain the recitals called for by this Act of May 24, 1938. This defense is also good. See Martin Prisament v. United States, 92 C. Cls. 434.
Defendant’s motion to dismiss is sustained, and plaintiff’s petition is dismissed. It is so ordered.
' MabdeN, Judge; Jokes, Judge; Littletok, Judge; and Whalev, Chief Justice, concur.