Whitaker, Judge,
delivered the opinion of the court:
Plaintiff sues under the Act of May 24, 1938,[1] for damages for unlawful imprisonment in the penitentiary at Leavenworth, Kansas. He alleges he was indicted for having entered a national bank at Amarillo, Texas, with the intent of passing on said bank a forged check for $323.00. He pleaded guilty to the indictment and was sentenced to the penitentiary for 10 years.
He had served more than a year of this sentence, when the Supreme Court delivered its opinion in the case of Jerome v. United States, 318 U. S. 101. In this case it was held that the entry into a national bank for the purpose of committing a felony against the laws of the State in which *113 the bank was located did not come within the terms of section 2 (a) of the Bank Robbery Act,[2] under which plaintiff was convicted. It was held that the entry into the bank must have been for the purpose of committing a crime made a felony under the Federal statutes. After this decision plaintiff filed a petition for habeas corpus in the District Court for the District of Kansas. That court held that plaintiff had been unlawfully convicted, in view of the decision in the Jeróme case, and ordered his release. Plaintiff sues for damages for his imprisonment under such unlawful conviction. *
The defendant demurs because it says the petition fails to allege:
(a) That there was an “appeal,” a “new trial,” a “rehearing” or a “pardon” “on the ground of innocence.”
_ (b) That plaintiff “did not commit any of the acts with which he was charged.”
(c) That such “charge did not constitute a crime or offense against * * * any State.”
(d) That plaintiff “has not, either intentionally, or by willful misconduct, or negligence, contributed to bring about his arrest or conviction.”
We do not need to decide whether plaintiff’s release under habeas corpus brings him within the provisions of the Act of May 24, 1938,[3] because it is clear that plaintiff’s petition is fatally defective in that it does not allege that plaintiff did not commit the acts with which he was charged and that such *114 acts did not constitute a crime a-gainst tlie State in which-the acts were committed. This is a necessary allegation. The Act gives a prisoner a right of action against the United States only “if it shall appear that such person did not commit any of the acts with which he was charged or that his conduct in connection with such charge did not constitute a crime or offense against the United States or any State, Territory, or possession of the United States or the District of Columbia, in which the offense or acts are alleged to have been committed * * Although plaintiff may not have committed a crime against the United States, still he is not entitled to recover under the Act if the acts charged against him constituted a crime against the State in which the acts were committed.
Plaintiff does not allege in his petition that the entering into a national bank with the intent of passing a forged check, for which he was convicted, did not constitute a crime against the State of Texas, nor that he did not commit such acts. , These are necessary allegations. Since the petition fails to allege them, the demurrer must be sustained and the petition dismissed. It is so ordered.
Madden, Judge; and Littleton, Judge, concur.
Jones, Judge; and Whaley, Chief Justice, took no part in the decision of this case.

 C. 266, sec. 1, 62 Stat. 438 ; Title 18, U. S. C. sec. 729.

 48 Stat. 783: 50 Stat. 749; Title 12 U. S. C. 588 (b).

 This act reads: That any person, who, having been convicted of any crime or offense against the united States and having been sentenced to imprisonment and having served all or any part of his sentence, shall hereafter, on appeal or on a new trial, or rehearing, be found not guilty of the crime of which he was convicted or shall hereafter receive a pardon on the ground of innocence, if it shall appear that such person did not commit any of the acts with which he was charged grtliat his conduct in connection with such charge did not constitute a crime or"7>ffense against the United States, or any State, Territory, or possession of the united States or the District of Columbia, in which the offense or acts are alleged to have been committed, and that he has not, either intentionally, or l>y willful misconduct, or negligence, contributed to bring about his arrest or conviction, may, subject to the limitations and conditions hereinafter stated, and in accordance with the provisions of the Judicial Code, maintain suit against the united States in the Court of Claims for damages sustained by him as a result of such convidion and imprisonment. [May 24, 1938, c. 20(5, sec. 1, 52 Stat. 438; Title 18, U. S. C. see. 729.]