## CRATTY v. UNITED STATES.
### No. 47549.

Court of Claims.
March 1, 1948.

Robert T. Murphy, of Washington, D. C., for plaintiff.

John R. Franklin, of Washington, D. C., and John F. Sonnett, Asst. Atty. Gen., for defendant.

Before JONES, Chief Justice, and LITTLETON, HOWELL, MADDEN, and WHITAKER, Judges.

LITTLETON, Judge.

Plaintiff brought this suit to recover $5,000 damages under the Act of May 24, 1938, 18 U.S.C.A. §§ 729–732. The defendant demurs to the petition on the ground that it does not set forth facts sufficient to constitute a cause of action under the terms of the statute mentioned.

In November 1933, plaintiff was employed as a salesman by Forest Glen, Incorporated, and his duties generally, as such salesman, were to sell cemetery lots in Forest Glen Memorial Park Cemetery, which was situated near the city of Marrion, Ohio, on terms prescribed by his employer.

On June 5, 1936, plaintiff voluntarily left the employ of Forest Glen, Incorporated, and from and after that date did not directly or indirectly have or maintain any relationship with the aforesaid employer corporation in any manner whatsoever.

On November 28, 1940, an indictment was returned in the District Court of the United States for the Southern District of Ohio, Eastern Division, against forty-four individuals, including plaintiff, which indictment charged that the persons named therein had used and employed the United States mails in the furtherance of a scheme to defraud, and also had conspired, confederated, and agreed to commit the said offenses.

The indictment contained ten counts, of which nine charged and alleged offenses under the mail frauds statute (18 U.S.C.A. § 338) and one charged and alleged a conspiracy to commit the same offenses. 18 U.S.C.A. § 88.

A trial before a jury was had which commenced November 23, 1941, and continued until April 7, 1942, on which date the jury returned a verdict finding plaintiff not guilty on nine counts of the indictment, including the conspiracy count, and finding him guilty on one of the mail fraud counts. This count of the indictment was predicated upon a letter signed by one Robert Marshall, Manager of Forest Glen, Incorporated, which was deposited in the mails in January 1938, some eighteen months after plaintiff had severed his relationship with the said corporation.

Plaintiff was sentenced by the court to imprisonment of one year and a day and to pay a fine of $1,000. A motion for a new trial was made and overruled and bail was denied. The case was appealed to the United States Circuit Court of Appeals for the Sixth Circuit.

Plaintiff was taken into custody by the United States Marshall at Columbus, Ohio, and incarcerated in Columbus until April 10, 1942, when he was transported to the Federal penitentiary at Lewisburg, Pennsylvania, where plaintiff remained incarcerated until September 1, 1942, when he was released on parole.

In its opinion and decision on the appeal the Circuit Court of Appeals reversed the conviction of plaintiff on the ground that he had ended his association with the said corporation long before the mails were

used and, accordingly, ordered the case remanded to the District Court, with instructions to enter a judgment of acquittal with respect to the plaintiff. Blue v. United States, 6 Cir., 138 F.2d 351.

The mandate of the appellate court and the order of the District Court thereon are attached to the petition as schedule A. The order and judgment of the District Court entered August 16, 1944, was, so far as here material, as follows:

"Ordered, adjudged and decreed that the said Amended Mandate of the Circuit Court of Appeals for the Sixth Circuit in this cause, be and the same hereby is made the judgment and order of this court, and it is further

"Ordered, adjudged and decreed that the defendants C. O. Wiley, L. A. Cratty, Wm. L. Rucker, Paul Secord, and G. F. Stott are entitled to a judgment of acquittal and said judgment is hereby entered and the said defendants are hereby discharged and their bonds released and their sureties discharged."

Plaintiff alleges in his petition "that he did not commit the acts with which he was charged and that such alleged acts did not constitute a crime against the State in which they were alleged to have been committed."

From the foregoing statement of the allegations of the petition it is clear that plaintiff has not alleged facts sufficient to show that he has a cause of action entitling him to damages from the United States under the provisions of the Act of May 24, 1938. Plaintiff's allegations in paragraph 13 of the petition that he did not commit the acts with which he was charged in the count of the indictment upon which he was convicted and sentenced and that such alleged acts did not constitute a crime against the State of Ohio, are not sufficient to meet the requirements of the statute upon which the right to recover damages is conditioned. Plaintiff does not allege, as required in Section 1 of the Act of 1938, 18 U.S.C.A. § 729, "that he has not, either intentionally, or by wilful misconduct, or negligence, contributed to bring about his arrest or conviction,"

Plaintiff attached to his petition the mandate of the Circuit Court of Appeals and the order of the District Court, but neither the mandate nor the order and judgment of the District Court contains any of the recitals required by Section 2 of the Act of 1938, 18 U.S.C.A. § 730, and there is no allegation that the required certificate of the Court in which he was adjudged not guilty can be furnished. Prisament v. United States, 92 Ct. Cl. 434; Viles v. United States, 95 Ct. Cl. 591; Hadley v. United States, 101 Ct. Cl. 112.

The demurrer is sustained and the petition is dismissed. It is so ordered.

HOWELL, MADDEN, and WHITAKER, Judges, and JONES, Chief Justice, concur.