## WEISS v. UNITED STATES.

### No. 49568.

United States Court of Claims.

July 10, 1950.

P. Bateman Ennis, Washington, D. C., for plaintiff.

LeRoy Southmayd, Jr., Washington, D. C., with whom was H. G. Morison, Asst. Atty. Gen., for the defendant.

John R. Franklin, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN, and HOWELL, Judges.

WHITAKER, Judge.

Plaintiff sues for the sum of $5,000 basing his claim on the provisions of the Act of June 25, 1948, 62 Stat. 941, Title 28 U.S.C.A. § 1495. The defendant demurs on the ground that his petition does not state a cause of action.

In his petition plaintiff alleges that he was convicted in the United States District Court for the Southern District of New York for having engaged in a conspiracy to violate the Selective Service Act, 50 U.S.C.A.Appendix §§ 308(i) 311, that upon appeal to the United States Circuit Court of Appeals for the Second Circuit his conviction was affirmed, but that certiorari was granted by the Supreme Court of the United States, and upon a hearing before that Court his conviction was reversed,[1] and that as a result thereof he was discharged and released from the penitentiary after having served three years and six days of his sentence.

He alleges that he was not guilty of the offense for which he was convicted, and that "his acts, deeds or commissions in connection with charges alleged constituted no offense against the United States, State, Territory, or the District of Columbia * * *", but he does not allege that the court in which he was convicted issued a certificate to this effect. It is clear, therefore, that plaintiff is not entitled to recover.

Section 2513(a) (2) of Title 28 U.S.C.A. provides:

"Any person suing under Section 1495 of this title must allege and prove that:
* * *

1. Keegan v. United States, 325 U.S. 478, 65 S.Ct. 1203, 89 L.Ed. 1745.

"(2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution."

And paragraph (b) of the same section provides: "Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received.

Plaintiff's petition fails to allege that any court had issued a certificate that the acts which he was charged with having committed did not constitute an offense against the United States or any State or Territory or the District of Columbia. In the absence of such a certificate, or in the absence of a pardon so alleging, plaintiff is not entitled to recover. Cratty v. United States, 75 F.Supp. 1005, 110 Ct.Cl. 260, 2d, D.C., 83 F.Supp. 897; Hadley v. United States, 101 Ct.Cl. 112; Viles v. United States, 95 Ct.Cl. 591; Prisament v. United States, 92 Ct.Cl. 434.

It does not appear whether or not plaintiff ever made application for such a certificate, but it does appear that one of plaintiff's co-defendants, William V. Keegan, made such an application after the reversal of his conviction, and that this application was denied by the District Judge. The District Judge's opinion on Keegan's application is reported in U.S. v. Keegan, D.C., 71 F.Supp. 623. On page 638 of 71 F.Supp., the District Judge concludes:

"I cannot certify that he "*did not commit* any of the acts with which he was charged.": the fact is that he did commit all of the acts with which he was charged, upon proof whereof, his conviction followed. His final acquittal resulted from the finding of the Supreme Court that proof that petitioner and his codefendants committed the acts with which they were charged, was insufficient evidence to sustain the conviction of *con-*spiracy, the offense charged. [Italics were in the opinion quoted.]

"Neither do I think petitioner is entitled to a certificate under subsection (b). I am definitely not satisfied, "that his conduct in connection with such charge did not constitute a crime or offense against the United States", namely, the crime of counseling evasion of the Selective Service Law, that is, the substantive offense, as distinguished from the conspiracy.

This opinion on Keegan's application of course is not conclusive upon the plaintiff in this case, but it no doubt furnishes some explanation of the absence in plaintiff's petition of an allegation that the District Judge did issue a certificate containing the recitals required by the Act of June 25, 1948. In Keegan v. United States, 325 U.S. 478, 65 S.Ct. 1203, 89 L.Ed. 1745, the Supreme Court does not supply the absence of such a certificate.

It is evident that defendant's demurrer must be sustained and plaintiff's petition dismissed. It is so ordered.