Per Curiam:
This case was referred pursuant to Pule
37(e), since April 1, 1964, Pule 54(b), to Pichard Arens, a trial commissioner of this court, with directions to make his recommendation for conclusion of law on defendant’s motion for summary judgment. The commissioner has done so in an opinion filed February 14, 1964. Plaintiff sought review of the commissioner’s opinion and recommendation for conclusion of law to which the defendant filed a reply and the case was submitted to the court on oral argument by the plaintiff, pro se, and counsel for defendant. Since the court is in agreement with the opinion and recommendation of the trial commissioner, as hereinafter set forth, it hereby adopts the same as the basis for its judgment in this case. Plaintiff is therefore not entitled to recover. Defendant’s motion for summary judgment is granted and plaintiff’s petition is dismissed.
*244 OPINION OP COMMISSIONER
The following opinion and recommended conclusion of law are submitted in accordance with the order of the court dated J anuary 17,1964, directing the Commissioner to file his recommendation for conclusion of law pursuant to the provisions of Eule 87(e), as amended, as to defendant’s motion for summary judgment.
Plaintiff brings this action pro se for the sum of $5,000 basing his claim on the provisions of Sections 1495 and 2513 of Title 28, United States Code. Defendant moves for summary judgment on the ground that the petition fails to state a cause of action.
In Ms petition, plaintiff alleges that on June 12, 1958, he w&s convicted in the United States District Court for the District of Columbia and received sentences totaling 8 years; and that upon “instituting an appeal in the United States Court of Appeals for the District of Columbia and thereafter certiorari to the Supreme Court of the United States”, plaintiff secured “reversal” of his conviction. Plaintiff further alleges that through “fraud, collusion, misrepresentation, and conspiracy” he has never been released from his alleged illegal imprisonment in the District of Columbia jail and/or the Federal Eeformatory át Lorton, Virginia; and that his petitions for writs of habeas corpus were dismissed without hearings in the United States District Courts for the District of Columbia and for the Eastern District of Virginia during the years 1960-1962. As heretofore stated, plaintiff bases his claim on Sections 1495 and 2513 of Title 28, United States Code which read as follows:
Section 1495:

Damages for wnjust conviction and imprisonment; claim against United States.

The Court of Claims shall have jurisdiction to render judgment upon 'any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned. (June 25,1948, ch. 646, 62 Stat. 941.)
Section 2513:

Unjust conviction and imprisonment.

(a) Any person suing under section 1495 of this title must allege and prove that:
*245 (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or r&. hearing he was found not guilty of such- offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
(2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such' charge constituted no offense against the United States, or any 'State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.
(b) Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to -appear, and . other evidence thereof shall not be received.
(c) No pardon or certified copy of a pardon shall be considered by the Court of Claims unless it contains recitals that the pardon was granted after applicant had exhausted all recourse to the courts and that the time for any court to exercise its jurisdiction had expired.
(d) The Court may permit the plaintiff to prosecute such action in forma pauperis.
(e) The amount of damages awarded shall not exceed the sum of $5,000. (June 25,1948, ch. 646, 62 Stat. 978; Sept. 3,1954, ch. 1263, § 56, 68 Stat. 1247.)
Plaintiff’s petition is fatally defective in that it fails to make allegations essential to come within the purview of the statute. It is clear moreover, from the facts gleaned from the exhibits accompanying defendant’s motion, that plaintiff could not sustain an action -under the statute.
After plaintiff’s conviction in the United States District Court for the District of Columbia on June 12, 1958, the United States Court of Appeals for the District of Columbia entered an order denying plaintiff leave to prosecute his appeal in forma pauperis. He thereafter petitioned the Supreme Court of the United States for a writ of certiorari to review the order of the Court of Appeals. On October 26,1959, the Supreme Court in a per curiam opinion reversed the action of the Court of Appeals in denying plaintiff leave to prosecute his appeal in forma pauperis (Smith v. United *246 States, 361 U.S. 38). Through administrative error, a certified copy of the judgment of the Supreme Court reversing the order of the Court of Appeals was sent to the District Court, but was thereafter recalled and correctly reissued to the Court of Appeals. On April 11, 1960, plaintiff’s appeal was dismissed by the Court of Appeals.
Opinions of this court are unequivocal that in order to come within the purview of the statute on unjust conviction and imprisonment a claimant must make certain allegations in his petition. A petitioner basing his claim on the statute must allege and prove that his conviction has been reversed or set aside on grounds specified in the statute or that he has been pardoned upon the stated ground of innocence and unjust conviction.
In Hadley v. United States, 101 Ct. Cl. 112 (1944), the court ruled that an essential ingredient in a petition under the unjust conviction and imprisonment statute (predecessor to the current statute) was recitation that the petitioner did not commit the acts with which he was charged. In Cratty v. United Stages, 110 Ct. Cl. 260 (1948), 75 F. Supp. 1005, the court ruled that a petition brought under the current unjust conviction and imprisonment statute was fatally defective which failed to allege that the petitioner had not by his own misconduct or negligence brought about his own conviction. In Weiss v. United States, 120 Ct. Cl. 1, 91 F. Supp. 742 (1950), the plaintiff therein brought suit in this court arising out of his alleged unjust conviction and imprisonment after he had been released from the penitentiary as a result of a reversal by the Supreme Court of his conviction. This court, in dismissing the petition, stated in part at p. 3 :
Plaintiff’s petition fails to allege that any court had issued a certificate that the acts which he was charged with having committed did not constitute an offense against the United States or any State or Territory or the District of Columbia. In the absence of such a certificate, or in the absence of a pardon so alleging, plaintiff is not entitled to recover. Cratty v. United States, 110 C. Cls. 260, 75 F. Supp. 1005; Hadley v. United States, 101 C. Cls. 112; Viles v. United States, 95 C. Cls. 591; Prisament v. United States, 92 C. Cl. 434.
*247 In the instant case, the “reversal” was not on the ground that plaintiff is not guilty of the offense of which he was convicted, but was solely a reversal of the order of the Court of Appeals denying plaintiff leave to prosecute his appeal in forma pauperis. Plaintiff is presently serving sentences totaling 8 years in the Federal Reformatory in Lorton, Virginia for the offenses for which he was convicted. There is neither a court certificate nor a pardon as specified in the statute.
It is accordingly recommended that defendant’s motion for summary judgment be granted and that plaintiff’s petition be dismissed.