Unjust conviction and imprisonment claim. — On April 1, 1966, the court issued the following order:
Per Curiam: :
Plaintiff herein has been permitted to proceed in forma pauperis. The case is before the court on defendant’s motion to dismiss the petition and plaintiff’s motion for appointment of counsel.
Plaintiff in his petition moves this court “Pursuant to: Public No. 539 — T5 Congress, Chapter 266 — 2D Session, Sec. 750” to order the defendant to forfeit to plaintiff five thousand dollars ($5,000) for damages sustained by plaintiff as a result of erroneous conviction. Plaintiff is obviously re *889 ferring to Public Law No. 539 of May 24, 1938 [S. 750], 75tli Congress, 3d Session, Chapter 266 (52 Stat. 438), an act to grant relief to persons erroneously convicted hi courts of the United States.
His petition asserts that on July 2,1962, he was indicted by a grand jury for unauthorized use of a motor vehicle in violation of Title 22, § 2204 of the District of Columbia Code. On trial by jury, plaintiff was adjudged guilty as charged and sentenced to 16 months to 4 years. On appeal to the United States Court of Appeals for the District of Columbia Circuit, his conviction in the lower court was reversed and remanded with directions to vacate judgment and enter judgment of acquittal, by decision of September 12, 1963, in Cephus v. United States, 324 F. 2d 893. Plaintiff states that he had been incarcerated eighteen months prior to the reversal and remand of the Court of Appeals and asserts certain financial losses, and employment difficulties, resulting from his conviction and imprisonment by way of damages.
Present statutory jurisdiction for recovery in the United States Court of Claims in cases of this nature is found in Title 28 U.S.C. as follows:
§ 1495. Damages for unjust conviction and imprisonment ; claim against United States.
The Court of Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned. (June 25,1948, ch. 646, 62 Stat.
§ 2513. Unjust conviction and imprisonment.
(a) Any person suing under section 1495 of this title must and that:
(1) His conviction has been reversed or set 'aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
(2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory, or the District of *890 Columbia, and be did not by misconduct or neglect cause or bring about bis own prosecution.
(b) Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received.
(c) No pardon or copy a considered by the Court of Claims unless it contains recitals that the pardon was granted after applicant had exhausted all recourse to the courts and that the time for court to exercise its jurisdiction had expired.
(d) The Court may permit the plaintiff to prosecute such action in forma
(e) The amount of damages awarded shall not exceed the sum of $5,000. (June 25,1948, ch. 646, 62 Stat. 978; Sept. 3, 1954, ch. 1263, § 56, 68 Stat. 1247.)
The basis of defendant’s motion to dismiss the petition is that it does not state facts sufficient to constitute a cause of action against the United States within the provisions of the Act of June 25,1948, 62 Stat. 941, 978, 28 U.S.C. § 2513, in that plaintiff has failed to provide this court with a certificate or pardon as required by sub-section (b) of the statute set forth above. Plaintiff, on the other hand, as set forth in his answer to 'the motion to dismiss filed on September 15, 1965, contends “* * * that the opinion of the Appeals Court is a sufficient certificate of proof of the requisite facts required by the said act”.
In Cephus v. United States, supra, the Court of Appeals said at p. 895:
In this appeal appellant contends that the Government’s case-in-chief was insufficient to sustain a verdict of guilty and that therefore the trial court erred in denying his motion for judgment of acquittal. We agree.
As stated, the court reversed and remanded with directions to vacate the judgment and enter a judgment of acquittal. The opinion does not state that Cephas did not commit any of the acts charged or that his acts, deeds, or omissions in connection with such charge constituted no offense against the United 'States, or any State, Territory, or the District of Columbia. It is abundantly clear that under 28 U.S.C. § 2513 plaintiff must show by a certificate of the court or pardon not only 'that his conviction has been reversed or set *891 aside on the ground that he is not guilty of the offense of which he was convicted, hut also that he did not commit any of the acts charged or that his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory, or the District of Columbia.
In Weiss v. United States, 120 Ct. Cl. 1 (1950), an action to recover for unjust conviction and imprisonment under the statute, this court stated that plaintiff’s petition failed to allege that any court had issued a certificate that the acts upon which he was charged with having committed did not constitute an offense against the United States or any State, or Territory, or the District of Columbia, and that in the absence of such a certificate, or in the absence of a pardon so alleging, plaintiff was not entitled to recover. In Roberts v. United States, 126 Ct. Cl. 947 (1953), also a suit for unjust conviction under 28 U.S.C. § 1495 and § 2513, in granting-defendant’s motion to dismiss, the court stated:
Plaintiff is clearly not entitled to recover. The statute makes it a prerequisite to recovery that a plaintiff prove innocence of the crime for which he was convicted and other things, and it prescribes that these things can only be proven by a certificate of the trial judge. We have no such certificate before us.
See also Bell v. United States, 166 Ct. Cl. 600 (1964), and Phillips v. United States, Ct. Cl. No. 232-65, decided this date, ante, p. 885. These decisions demonstrate that the plaintiff has failed to state a claim within the jurisdiction of this court.
Since the court holds that plaintiff’s petition is defective for failure to provide a certificate of a court or pardon, the question of the appointment of counsel for plaintiff is deemed immaterial.
It Is Therefore Ordered that defendant’s motion to dismiss the petition be and the same is granted and plaintiff’s petition is dismissed.
It Is Further Ordered that the dismissal of plaintiff’s petition shall be without prejudice to the filing of a new action by plaintiff, within the statutory period as provided *892 by 28 U.S.C. § 2501, provided such action is based upon a certificate of the court or pardon as required by 28 U.S.C. § 2518.
By the Court :
WlLSON CoweN, Chief Judge.
April 1,1966.
Before CoweN, Chief Judge, Laramore, Dureee, Davis and ColliNS, Judges.