On June 15, 1979 the court entered the following order:
Before Davis, Judge, Presiding, Kashiwa and Kunzig, Judges.
This case comes before the court on papers filed by the petitioner, pro se, to provide for the filing in forma pauperis of a petition against the United States together with certain named individuals and other individuals referred to only in their employment positions or as "unknown.” Petitioner seeks "relief by declaratory indemnity rights” and monetary damages totaling $2,574,082.14 for numerous and varied alleged tortious acts and violations of his statutory and constitutional rights arising from an asserted arrest for "parole violation” with attendant detention and imprisonment. Upon consideration thereof, by the panel listed above, without oral argument and on its own motion,
IT IS ORDERED as follows:
*702 That leave is granted petitioner to file the petition without prepayment of the filing fee, only, with the petition filed this date;
That "The United States” is to be deemed the sole defendant in this court;
That as to petitioner’s claim relating to his assertions of false arrest with any possible unjust conviction and imprisonment consequences arising therefrom which might conceivably fall within the statutory jurisdiction of this court under 28 U.S.C. § 1495 and § 2513, petitioner has failed to show the requisite certificate of innocence or pardon [See Cephus v. United States, 324 F. 2d 893; Weiss v. United States, 120 Ct. Cl. 1 (1950); Roberts v. United States, 126 Ct. Cl. 947 (1953); Bell v. United States, 166 Ct. Cl. 600 (1964) and the orders entered April 1, 1966, in Cephus v. United States, 175 Ct. Cl. 888, and Phillips v. United States, 175 Ct. Cl. 885] and, therefore, such claim, as asserted, does not meet the statutory requirements to invoke the jurisdiction of the court;
That the remaining claims as asserted in the petition arise from or relate to various and sundry alleged tortious acts committed upon or against petitioner and are not cognizable in this court which lacks tort jurisdiction, relate to the commission of acts by persons over which the court has no jurisdiction or request relief not otherwise within the jurisdiction of this court;
That, accordingly, the petition is dismissed. However, such dismissal is without prejudice to the filing of a new action by petitioner, within the statutory period as provided by 28 U.S.C. § 2501, provided such action is based upon a certificate of the appropriate court or a pardon as required by 28 U.S.C. § 2513.