Marti **ADDAMS–MORE, Plaintiff,**

v.

The **UNITED STATES, Defendant.**

No. 07–649C.

United States Court of Federal Claims.

March 20, 2008.

Marti Addams–More, Beverly Hills, CA, pro se.

Courtney Sheehan, with whom were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Assistant Director, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, for defendant.

## OPINION

EMILY C. HEWITT, Judge.

### I. Background

Pro se plaintiff Marti Addams–More filed a complaint with this court on September 4, 2007, alleging that defendant breached its "fiduciary duties of the trustee obligation" with regard to the disbursement of Social Security funds. Plaintiff's Complaint (Pl.'s Compl. or Complaint) 2. On November 5, 2007, defendant electronically filed Defendant's Motion to Dismiss For Lack of Subject Matter Jurisdiction (Def.'s Mot. or defendant's motion). Pursuant to an order by this court, *see* Order of Dec. 6, 2007, defendant filed paper copies of defendant's motion on December 10, 2007. Plaintiff filed Plaintiff's Response to Defendant's Motion Under Rule 12(b)(1) Subject Matter Jurisdiction for Dismissal (Pl.'s Resp. or plaintiff's response) on November 29, 2007. Defendant filed Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Def.'s Reply or defendant's reply) on December 13, 2007. For the reasons stated below, defendant's motion is GRANTED.

### II. Discussion

#### A. Legal Standards

The question of subject matter jurisdiction is a threshold issue that must be determined at the outset of a case. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); *PODS, Inc. v. Porta Stor, Inc.,* 484 F.3d 1359, 1365 (Fed.Cir.2007). Once the court's jurisdiction is challenged, the plaintiff bears the burden of establishing that jurisdiction is proper. *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Alder Terrace, Inc. v. United States,* 161 F.3d 1372, 1377 (1998). "If the court finds that it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States,* 72 Fed.Cl. 274, 278 (2006) (citations omitted); see RCFC 12(h)(3).

The jurisdiction of the United States Court of Federal Claims is set forth in the

Tucker Act, 28 U.S.C. § 1491 (2006). This court "shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act itself does not create any substantive right of recovery against the United States. *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Rather, the Tucker Act confers jurisdiction upon the Court of Federal Claims only when there is an existing substantive right to money currently due and owing. *Id.* "Money currently due and owing" is "money that is claimed to be due from the government under the terms of a particular statute or regulation or money alleged to have been improperly collected from the claimant by the government." *Roberta B. v. United States,* 61 Fed.Cl. 631, 634–35 (2004) (citing *Eastport S.S. Corp. v. United States,* 178 Ct.Cl. 599, 372 F.2d 1002, 1007 (1967)). Thus, in order for the court to grant relief, there must exist a violation of a money-mandating statute or regulation.

B. Plaintiff Does Not Meet the Jurisdictional Prerequisite for Suit Brought Pursuant to the Tucker Act

■ Defendant argues that plaintiff "alleges claims that this Court does not possess jurisdiction to entertain." Def.'s Mot. 1. Specifically, defendant states that "[t]he gravamen of Ms. Addams–More's complaint appears to be the assertion that she has been denied social security benefits." *Id.* Defendant argues that the court "does not possess jurisdiction to entertain claims related to social security benefits." *Id.* at 5 (citing *Marcus v. United States,* 909 F.2d 1470, 1471 (Fed.Cir.1990) ("Construing appellant's pleading in a light most favorable to him, that is, as a claim for social security disability benefits, we hold that the Claims Court has no jurisdiction under the Tucker Act ... over claims to social security benefits....")).

Plaintiff responds to defendant's motion with what appears to be a summary of her complaint:

> Plaintiff alleges the [Social Security Act] ... of 1935 created 'Federal Old Age Benefits' (and) 'Public Health' trust funds; U.S. trustee, holding trust property subject to the trust, for benefit of qualified beneficiaries. Trust Res cannot be a mere expectancy without right or interest: such interest is in the nature of a property right. She alleges U.S. trustee has mismanaged methodology in payments to vendor/providers via unproven, disputed definitions[,] which generate[ ] double[-]dipping. Plaintiff's vitamin deficiency symptoms were misdetermined [sic]; engendering a negative profile that limited her income. Her widow's benefits awarded 1994 $1311 are far less than her earnings had she completed her Ph.D. The income/property and systemic methodology mismanagement waste of trust assets constitute a breach of U.S. trustee fiduciary duty owed her under [Social Security Act] et al[.] statutes and implementing regulations.

Pl.'s Resp. 1 (emphases and capitalization omitted). In direct response to defendant's argument that the court lacks jurisdiction to hear plaintiff's claims, plaintiff states:

> Whether U.S. Court of Claims has jurisdiction via [28 U.S.C. § ] 1491 money damages, over $10,000; trust common law jurisdictional standing of U.S. as [Social Security Act] Trustee, under federal statutes, regulations permitting a certain sum, and whether said agencies function as instrumentality of the federal government—regulatory taking.

> Plaintiff's claims do not take from U.S. Treasury but from the waste paid by the Treasury, cited by President Reagan [in] 1981.

*Id.* (capitalization omitted). Plaintiff concludes her response by stating, "Plaintiff hereby incorporates her complaint, exhibits by reference as if set out in full." *Id.* (capitalization omitted). Plaintiff attaches what she claims to be a copy of her complaint to her response. Pl.'s Resp. i–24[sic].

The Tucker Act authorizes this court "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort" only. 28 U.S.C. § 1491(a)(1). The Tucker Act itself does not create any substantive right of recovery against the United States. *Testan,* 424 U.S. at 398, 96 S.Ct. 948. The Court of Federal Claims does not have jurisdiction over claims arising from the Social Security Act. *Marcus,* 909 F.2d at 1471 (holding "that the Claims Court has no jurisdiction under the Tucker Act ... over claims to social security benefits....").

Plaintiff bears the burden of demonstrating that the court possesses jurisdiction to adjudicate her claims. *McNutt,* 298 U.S. at 189, 56 S.Ct. 780. Plaintiff has not satisfied her burden here because she has failed to establish that her claims arise out of a violation of a money-mandating statute or regulation. *See Eastport S.S. Corp.,* 372 F.2d at 1007. Plaintiff's claims, that the United States mismanaged payments under the Social Security Act, are not allegations over which this court may exercise jurisdiction. Because the court cannot adjudicate claims arising from the Social Security Act, *Marcus,* 909 F.2d at 1471, the court must dismiss plaintiff's complaint.

C. Transfer of the Case to Another Jurisdiction is Not Appropriate

Although not requested by plaintiff, the court considers whether it is in the interests of justice to transfer plaintiff's suit to another jurisdiction. Section 1631 of title 28 of the United States Code describes the circumstances in which such transfer would be appropriate:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631 (2008). Because the court cannot discern the exact nature of plaintiff's claims contained in her complaint, the court determines that it is not "in the interest of justice" to transfer her complaint to another jurisdiction.

III. Conclusion

For the foregoing reasons, defendant's Motion is GRANTED. The Clerk of the Court shall ENTER JUDGMENT DISMISSING plaintiff's complaint. No costs.

IT IS SO ORDERED.