**Bikram NASKAR, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 08–73C.**

United States Court of Federal Claims.

June 23, 2008.

Bikram Naskar, Kolkata, India, pro se.

Dawn S. Conrad, with whom were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Harold D. Lester Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION

HEWITT, Judge.

Before the court are Defendant's Motion to Dismiss (defendant's Motion or Def.'s Mot.), plaintiff's Response (Pl.'s Resp.), Plaintiff['s] Motion to Appeal (plaintiff's Motion or Pl.'s Mot.), and Defendant's Reply in Support of its Motion to Dismiss (defendant's Reply or Def.'s Reply).

### I. Background

Pro se plaintiff Bikram Naskar filed a complaint with this court on February 1, 2008. Plaintiff's Complaint (Compl.) 1. Although it is not entirely clear, plaintiff's Complaint appears to allege that the United States Postal Service's (USPS) negligent handling of an article of mail (the package), caused him "mental harassment" and harm to his reputation. Compl. 1–2. Plaintiff alleges that he sent the package to Mr. John Parras of Waltham, Massachusetts, but that instead of being delivered to the addressee, the package was redirected to the USPS Plant Manager in Tampa, Florida, and then returned to plaintiff in Kolkata, India "torn, ripped, and badly damaged." Compl. 1. The Complaint seeks $50,000 in compensation, an identification of the USPS Plant Manager in Tampa, Florida, who, the Complaint alleges, mishandled the package, and an explanation

for why the package was not delivered to the proper address. *Id.* at 1. On April 2, 2008 defendant filed its motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). Def.'s Mot. 1. The motion argues that plaintiff's complaint sounds in tort and that this court therefore lacks jurisdiction over it. *Id.* at 3–4. Defendant's motion further argues that the court does not have jurisdiction to grant declaratory relief in this circumstance because the court does not have general equity jurisdiction. *Id.* at 5–6. Finally, defendant argues that the court should not transfer the case to another venue pursuant to section 1631 of Title 28 of the United States Code because it is not a claim over which another federal court would have jurisdiction. *Id.* at 4–5.

On May 2, 2008, plaintiff filed a response to defendant's Motion. *See* Pl.'s Resp. 1. On May 5, 2008, plaintiff filed plaintiff's Motion. *See* Pl.'s Mot. 1. The entire content of plaintiff's Response is contained in plaintiff's Motion. *Compare* Pl.'s Resp. *passim, with* Pl.'s Mot. *passim.* Accordingly, the court will refer only to plaintiff's Motion in this Opinion. Although plaintiff does not seek any additional damages in his Motion, he alleges for the first time the harm of lost business with Mr. John Parras and that this harm, and those harms previously alleged, were done either "willfully or negligently," Pl.'s Mot. 3, not simply "negligently" as alleged in his Complaint, Compl. 1. Plaintiff states that he is not making a claim for declaratory relief, but seeks only compensation. *Id.* ("[T]his Claim for $50,000 . . . is the only Declaratory Relief . . . may[ ]be granted on my favour. . . . And Nothing more."). On May 19, 2008, defendant filed its Reply, in which it maintains its earlier arguments that plaintiff's complaint should be dismissed pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction and that the case should not be transferred because the United States government did not waive its sovereign immunity for the type of tort claim brought by plaintiff. Def.'s Reply 1, 3. Because plaintiff's Complaint alleges a tort claim, over which the United States Court of Federal Claims is without jurisdiction, defendant's Motion is GRANTED.

## II. Discussion

### A. This Court Lacks Subject Matter Jurisdiction over Plaintiff's Claim

Subject matter jurisdiction is a threshold issue that must be determined at the outset of a case. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); *PODS, Inc. v. Porta Stor, Inc.,* 484 F.3d 1359, 1365 (Fed.Cir. 2007). "If the court finds that it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States,* 72 Fed.Cl. 274, 278 (2006); *see* RCFC 12(h)(3). The plaintiff bears the burden of establishing jurisdiction. *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988). When deciding a motion to dismiss based on lack of subject matter jurisdiction, the court must construe the allegations of the complaint in a manner favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). However, regardless of how a plaintiff frames a complaint, this court must look at the "true nature" of the claim. *Puget Sound Energy, Inc. v. United States,* 47 Fed.Cl. 506, 510 (2000). As a general matter, complaints drafted by pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), but, "[t]his latitude . . . does not relieve a pro se plaintiff from meeting jurisdictional requirements," *Bernard v. United States,* 59 Fed.Cl. 497, 499, *aff'd,* 98 Fed. Appx. 860 (Fed.Cir.2004) (Table) (emphasis omitted).

The jurisdiction of the United States Court of Federal Claims is set out in the Tucker Act, 28 U.S.C. § 1491 (2006). The Tucker Act states that this court "shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases *not sounding in tort.*" 28 U.S.C. § 1491(a)(1)

(emphasis added). The Court of Federal Claims does not have jurisdiction "over tort actions against the United States." *Brown v. United States (Brown),* 105 F.3d 621, 623 (Fed.Cir.1997) (citing 28 U.S.C. § 1491(a); *Keene Corp. v. United States,* 508 U.S. 200, 214, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993)).

■ Here, plaintiff seeks to recover for "an act of negligence" committed by a "government employee who is based in Tampa[,] FL." Compl. 1. He alleges that the willful or negligent misconduct of the USPS caused a "torn, ripped, and badly damaged article" to be returned to him, which caused him "mental harassment," *id.* at 2, a "tarnished ... reputation," Pl.'s Mot. 2, and the loss of "an important business transaction with Mr. John Parraras, President and CEO of Scheduling System[,] Inc.," *id.* at 3. As defendant argues in its Motion, this is a claim sounding in tort. Def.'s Mot. 3. The claim does not arise out of the Constitution, an Act of Congress, an executive regulation, or an express or implied contract with the United States. *See* Compl. *passim;* Pl.'s Mot. *passim; see also* 28 U.S.C. § 1491. Rather, it arises out of the alleged negligent conduct of a USPS employee. *See* Pl.'s Compl. 1. Because plaintiff's claim is for damages due to negligence, it sounds in tort and the Court of Federal Claims does not have jurisdiction over it. *See e.g. Souders v. S.C. Pub. Auth.,* 497 F.3d 1303, 1307 (Fed.Cir.2007) (holding that plaintiff's negligence claims sounded in tort and thus could not be transferred to the Court of Federal Claims); *Moore v. Durango Jail,* 77 Fed.Cl. 92, 96 (2007) (holding that the Court of Federal Claims did not have jurisdiction over plaintiff's claim because "plaintiff's claim of negligence sounds in tort"). Accordingly, plaintiff's claim must be dismissed pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction. *See* RCFC 12(b)(1).

**B.  Transfer to the United States District Court is Not Appropriate**

■ Although not requested by plaintiff, the court must also consider whether it would be appropriate to transfer his claim to another jurisdiction. *See Addams–More v. United States,* 81 Fed.Cl. 312, 315 (2008). Section 1631 of Title 28 of the United States Code describes the circumstances in which a transfer is appropriate. *See* 28 U.S.C. § 1631 (2006). It provides, in relevant part:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any ... court in which the action ... could have been brought at the time it was filed. ...

28 U.S.C. § 1631. Accordingly, in order for a case to be transferred, it must meet three elements: (1) the transferring court must lack subject matter jurisdiction; (2) at the time the case was filed, the case *must have been able to have been brought in the transferee* court; and (3) such a transfer must be in the interest of justice. *Sanders v. United States,* 34 Fed.Cl. 75, 81–82 (1995).

■ According to the Postal Reorganization Act:

> (a) Except as otherwise provided in this title, the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service. ...
>
> . . . .
>
> (c) The provisions of [the Federal Torts Claims Act (FTCA), 28 U.S.C. §§ 2671– 2680 (2006)] ... shall apply to tort claims arising out of activities of the Postal Service.

39 U.S.C. § 409 (2006). Therefore, a federal district court has jurisdiction to entertain any tort claim brought against the USPS in accordance with the FTCA.

The United States district courts have exclusive jurisdiction to hear "civil actions on claims against the United States, for money damages, ... for injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office. ..." 28 U.S.C. § 1346(b)(1) (2006). The FTCA acts as a waiver of the federal government's sovereign immunity from suit. *See* 28 U.S.C. § 2674. However, the FTCA goes on to state that its provisions shall not apply to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b)

(Postal Exception). "[M]ail is 'lost' if it is destroyed or misplaced and 'miscarried' if it goes to the wrong address." *Dolan v. United States Postal Service,* 546 U.S. 481, 487, 126 S.Ct. 1252, 163 L.Ed.2d 1079 (2006).

Here, plaintiff alleges that he was injured when the package he mailed was first delivered to the USPS Plant Manager in Tampa, FL, and subsequently returned to him in Kolkata, India, instead of being delivered to Mr. Parras of Waltham, Massachusetts. Compl. 1. The claim, then, appears to be based on the fact that the package was not delivered to the proper address. *Id.* Accordingly, such a claim falls within the Postal Exception to the FTCA. *See* 28 U.S.C. § 2680(b); *Dolan,* 546 U.S. at 487, 126 S.Ct. 1252. Because the government is immune from suit unless it has waived that immunity, and it has not waived that immunity under circumstances such as those alleged in plaintiff's Complaint, the case fails to meet the second requirement for transfer—it could not have been brought in the transferee court. Accordingly, the court declines to transfer the case to a district court pursuant to 28 U.S.C. § 1631.[1]

## III. Conclusion

For the foregoing reasons, defendant's motion is GRANTED. The Clerk of the Court shall enter judgment DISMISSING plaintiff's Complaint.

IT IS SO ORDERED.

---

1. To the extent that plaintiff's claim could be construed as a service complaint against the United States Postal Service, the Postal Rate Commission (the Commission) has exclusive jurisdiction over it. *See* 39 U.S.C. § 3662 (2006); *LeMay v. United States Postal Serv.,* 450 F.3d 797, 801 (8th Cir.2006) (holding that the Postal Rate Commission has exclusive jurisdiction over customer complaints of unsatisfactory service); *Shelby Res., Inc. v. United States Postal Serv.,* 619 F.Supp. 1546, 1548–49 (S.D.N.Y.1985) (holding that a hearing by the Commission and potential review in a United States Court of Appeals is "the sole remedy for a user of postal services who is not receiving adequate service"). Section 3662 of Title 39 of the United States Code provides: "Any interested person ... who believes the Postal Service is not operating in conformance with the requirements of the provisions of [the Postal Reorganization Act] may lodge a complaint with the Postal Regulatory Commission in such form and manner as the Commission may prescribe." 39 U.S.C. § 3662(a).