NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5076

MARTI ADDAMS-MORE,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Marti Addams-More, of Beverly Hills, California, pro se.

Courtney E. Sheehan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee.  With her on the brief were Gregory G. Katsas, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director.

Appealed from:  United States Court of Federal Claims

Judge Emily C. Hewitt

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5076

MARTI ADDAMS-MORE,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 07-649C,
Judge Emily C. Hewitt.

_____

DECIDED:  October 9, 2008
_____

Before RADER, PLAGER and GAJARSA, <u>Circuit Judges</u>.

PER CURIAM.

Marti Addams-More seeks review of the judgment of the United States Court of Federal Claims that dismissed her complaint for lack of subject matter jurisdiction.  For the reasons set forth below, we <u>affirm</u>.

Ms. Addams-More filed a complaint against the United States in the Court of Federal Claims ("trial court") alleging that defendant breached its "fiduciary duties of the trustee obligation" with regard to the disbursement of Social Security funds.  In

response to defendant's argument that the trial court lacked jurisdiction to hear her claims, Ms. Addams-More stated:

> "Whether U.S. Court of Claims has jurisdiction via [28 U.S.C. § ] 1491 money damages, over $10,000; trust common law jurisdictional standing of U.S. as [Social Security Act] Trustee, under federal statutes, regulations permitting a certain sum, and whether said agencies function as instrumentality of the federal government-regulatory taking."

Addams-More v. United States, 81 Fed. Cl. 312, 314 (Ct. Cl. 2008) (alterations in original) (quoting Pl.'s Resp.). The trial court granted defendant's motion to dismiss Ms. Addams-More's complaint for lack of subject matter jurisdiction because it could not adjudicate claims arising under the Social Security Act. Id. at 315. The trial court also held that it is not "in the interest of justice" to transfer the complaint to another jurisdiction because it was unable to discern the exact nature of plaintiff's claims contained in her complaint.[1] Id.

On appeal, Ms. Addams-More argues that the U.S. is a trustee of the Social Security assets and that the systemic mismanagement and waste of the trust assets by the U.S. constitutes a breach of its fiduciary duty owed to Appellant under the Social Security Act. Appellant's Br. at 5-6. Ms. Addams-More further argues that her negative prognosis, a vitamin deficiency,[2] constitutes a Fifth Amendment taking of her productivity by the Social Security Administration, and she asserts she made a claim for

---

[1] Although Ms. Addams-More did not request a transfer of her case to another jurisdiction, the Court of Federal Claims determined whether such transfer was "in the interest of justice."

[2] In her response to Defendant's motion to dismiss, Ms. Addams-More alleges that her "vitamin deficiency symptoms were misdetermined [sic]; engendering a negative profile that limited her income." Addams-More v. United States, 81 Fed. Cl. 312, 314 (Ct. Cl. 2008).

reimbursement of $12,000 which was never adjudicated.[3] Id. at 4, 8-9, 12. Overall, Ms. Addams-More seeks adjudication of her claim for Social Security benefits and adjudication of the withholding of alleged overpayments of those benefits. Id. at 12.

This court reviews de novo the trial court's dismissal of Ms. Addams-More's complaint for lack of jurisdiction. See Samish Indian Nation v. United States, 419 F.3d 1355, 1363 (Fed. Cir. 2005). In conducting its review, this court assumes that the facts pled by Ms. Addams-More are true. See id. at 1364.

The Court of Federal Claims is a court of limited jurisdiction. The Tucker Act gives the Court of Federal Claims jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). This court has explained that "because the Tucker Act itself does not create a substantive cause of action, 'in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages.'" Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). Therefore, the ability of the Court of Federal Claims to hear Ms. Addams-More's case depends on whether she asserts a substantive claim to money damages as defined in the Tucker Act, 28 U.S.C. § 1491(a)(1).

---

[3] Ms. Addams-More also argues that the Court of Federal Claims has jurisdiction based on 28 U.S.C. § 1491 (b)(1), 28 U.S.C. § 2501, and 28 U.S.C. § 1631. However, these are procedural statutes; thus they do not give the Appellant a substantive cause of action upon which the Court of Federal Claims has jurisdiction. Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc).

Ms. Addams-More does not assert any substantive claims upon which the Court of Federal Claims has jurisdiction. First, the Court of Federal Claims does not have jurisdiction to review the alleged systemic mismanagement and waste of trust assets by the Social Security Administration. Indeed, the Court of Federal Claims "lacks the general federal question jurisdiction of the district courts, which would allow it to review [an] agency's actions and to grant relief pursuant to the Administrative Procedure Act." Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997).

The Court of Federal Claims similarly lacks jurisdiction over Ms. Addams-More's Fifth Amendment regulatory taking claim because Appellant is alleging a violation of her constitutional rights due to a denial of social security benefits.[4] See Marcus v. United States, 909 F.2d 1470, 1471 (Fed. Cir. 1990) ("[W]e hold that the Claims Court has no jurisdiction under the Tucker Act, 28 U.S.C. § 1491 (a)(1) (1988), over claims to social security benefits, even considering appellant's assertions that he is entitled to relief under the Constitution."); Weinberger v. Salfi, 422 U.S. 749, 756-767 (1975) (42 U.S.C. §§ 405(g) and (h) (1982) require that action for social security benefits must be brought in district court). Accordingly, the Court of Federal Claims lacks jurisdiction to hear Ms. Addams-More's claims.

CONCLUSION

For the foregoing reasons, we affirm the decision of the Court of Federal Claims.

No costs.

---

[4] Appellee argues that Ms. Addams-More's Fifth Amendment regulatory taking claim is not properly before this Court because Appellant allegedly raised the claim in response to the Government's motion to dismiss and did not amend her complaint to incorporate this alternative theory. It is unclear from the record when Ms. Addams-More raised this argument and therefore this Court assumes the issue was properly raised.