NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES A. ARUNGA,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2012-5006

---

Appeal from the United States Court of Federal Claims in case no. 11-CV-133, Judge Lawrence J. Block.

---

Decided: March 7, 2012

---

JAMES AGGREY-KWEGGYI ARUNGA, of Sacramento, California, pro se.

STEVEN M. MAGER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and BRIAN M. SIMKIN, Assistant Director.

---

Before LINN, DYK and REYNA, *Circuit Judges*.

PER CURIAM.

Plaintiff-Appellant *pro se*, James A. Arunga, challenges the dismissal of his case for lack of subject matter jurisdiction. Mr. Arunga seeks a refund of money that the Social Security Administration ("SSA") allegedly withheld from his supplemental security income.[1] Because the United States Court of Federal Claims correctly determined that it lacked jurisdiction over Mr. Arunga's claim, we *affirm*.

I

Mr. Arunga alleges that the SSA unlawfully withheld money from his supplemental security income. In support of this assertion, he references a letter sent from the SSA, which states that in November 2009 the SSA reduced Mr. Arunga's supplemental security income payment to $353.00 after "hav[ing] withheld [$]25.00 to recover an overpayment." A9. Mr. Arunga alleges that he did not owe the withheld funds and seeks a refund, or in the alternative, a jury trial.[2]

The government moved to dismiss Mr. Arunga's claim for lack of jurisdiction, and the Court of Federal Claims granted the motion. This appeal followed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

---

[1] Supplemental security income" is a benefit provided under the Social Security Act to individuals "who have attained 65 or are blind or disabled," 42 U.S.C. § 1381, and whose income and resources fall below certain levels. *id.* § 1382.

[2] By filing in the Court of Federal Claims, one waives the right to a jury trial. *James v. Caldera*, 159 F.3d 573, 589-90 (Fed. Cir. 1998).

## II

We review a decision of the Court of Federal Claims to dismiss for lack of jurisdiction *de novo*. *Ontario Power Generation, Inc. v. United States,* 369 F.3d 1298, 1300 (Fed. Cir. 2004). To the extent jurisdictional facts are in dispute, they are reviewed for clear error. *Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed. Cir. 1989); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988).

As the plaintiff, Mr. Arunga bears the burden of establishing subject matter jurisdiction by preponderant evidence. *See Reynolds*, 846 F.2d at 748; *Naskar v. United States*, 82 Fed. Cl. 319, 320 (2008). If the Court of Federal Claims determines at any time that it lacks subject matter jurisdiction, it must dismiss the action. RCFC 12(h)(3).

When deciding a motion to dismiss for lack of subject matter jurisdiction, the court must assume as true all undisputed allegations of fact made by the nonmovant and draw all reasonable inferences from those facts in the nonmovant's favor. *See Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995); *Naskar*, 82 Fed. Cl. at 320. "[C]omplaints drafted by pro se litigants are held to 'less stringent standards than formal pleadings drafted by lawyers,' but, '[t]his latitude . . . does not relieve a pro se plaintiff from meeting jurisdictional requirements.'" *Naskar*, 82 Fed. Cl. at 320 (citation omitted).

According to the Tucker Act, the Court of Federal Claims:

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the

United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

To be cognizable under the Tucker Act, the claim must be one for money damages against the United States, and the plaintiff must demonstrate that the source of substantive law upon which he or she relies is a money-mandating source. *Fullard v. United States*, 78 Fed. Cl. 294, 300 (2007). The Tucker Act does not, by itself, create a substantive right enforceable against the United States for monetary relief. *Ferreiro v. United States*, 501 F.3d 1349, 1351 (Fed. Cir. 2007). The plaintiff must identify a separate contract, regulation, statute, or Constitutional provision, which, if violated, provides for a claim for money damages against the United States. *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1306 (Fed. Cir. 2008).

Here, we conclude that the Court of Federal Claims properly dismissed Mr. Arunga's case for lack of jurisdiction. Challenges relating to social security benefits "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides." 42 U.S.C. § 405(g). Indeed, no decision regarding social security benefits "shall be reviewed by any person, tribunal, or governmental agency" except as provided by the Social Security Act. 42 U.S.C. § 405(h). Thus, the statute makes clear that the Court of Federal Claims lacks jurisdiction because claims for social security benefits must be filed in a federal district court. *See Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990) (holding that the Court of Federal Claims lacks jurisdiction over claims for social security benefits).

To the extent Mr. Arunga claims that the Court of Federal Claims made factual errors, he fails to identify

those errors with specificity. We have considered Mr. Arunga's additional arguments made on appeal and find that they provide no basis for relief. For the foregoing reasons, we affirm.

**AFFIRMED**

Costs

No costs.