# In the United States Court of Federal Claims

No. 19-1576C

(Filed January 31, 2020)

NOT FOR PUBLICATION

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
                                        *
                                        *
MICHAEL JOHN KRISTIAN,                  *
                                        *
              Plaintiff,                *
                                        *
      v.                                *
                                        *
THE UNITED STATES,                      *
                                        *
              Defendant.                *
                                        *
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
```

## ORDER

On October 9, 2019, plaintiff Michael John Kristian, proceeding *pro se*, filed a complaint here seeking damages for allegedly improper reductions to his Social Security benefits. Compl. at 1–3. Pending before the Court is the government's motion to dismiss the case for lack of subject-matter jurisdiction, filed on December 9, 2019, under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). *See* Mot. to Dismiss (Def.'s Mot.), ECF No. 7. Instead of responding to the government's motion by the January 9, 2020 due date, Mr. Kristian applied for a default judgment, on the ground that the government had failed to file a pleading in response to his complaint. *See* Appl. for Default J., ECF No. 9. This application was immediately denied, as defendant submitted a pre-answer dispositive motion within the timeframe established by RCFC 6 and 12. Order (Jan. 7, 2020), ECF No. 10, at 2. Because he misunderstood our court's rules, Mr. Kristian was given an additional 15 days in which to file his response to the government's motion and was warned that he risked dismissal of the case under RCFC 41(b) for failure to prosecute if he did not timely file a response. *Id.*

Plaintiff has failed, however, to file a response by the relaxed deadline, which would warrant a dismissal for failure to prosecute the case, under RCFC 41(b). But taking into consideration Mr. Kristian's *pro se* status, the Court has reviewed the government's motion to independently determine if dismissal would be called for due to lack of subject-matter jurisdiction.

7018 2290 0000 5183 3087

The government's argument for dismissal---that our court lacks subject-matter jurisdiction over claims for Social Security benefits, Def.'s Mot. at 3–5 (citing, *inter alia, Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990))---is indisputably correct. Under the Tucker Act, our court has jurisdiction to entertain certain money claims against the United States government which are based on statutes mandating the payment of money by the federal government. *See* 28 U.S.C. § 1491(a)(1); *United States v. Mitchell*, 463 U.S. 206, 215–17 (1983). "But Congress may also specify, in a particular statute that mandates payment of money, that review is restricted to a court other than ours." *Fletcher v. United States*, No. 10-203C, 2010 WL 2640337, at *2 (Fed. Cl. June 30, 2010).

The Federal Circuit has held that our court "has no jurisdiction . . . over claims to social security benefits," because Congress requires that such benefits be pursued in a federal district court. *Marcus*, 909 F.2d at 1471; *see* 42 U.S.C. § 405(g), (h); *Arunga v. United States*, 465 F. App'x 966, 967–68 (Fed. Cir. 2012) (affirming this court's dismissal of a Social Security benefit reduction claim); *Treece v. United States*, 96 Fed. Cl. 226, 230 (2010) (noting that federal district courts have "exclusive jurisdiction" over "actions regarding Social Security benefits"); *Fletcher*, 2010 WL 2640337, at *2. This court is not a federal district court, *see Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002), and thus lacks subject-matter jurisdiction to adjudicate Mr. Kristian's Social Security Act claim.

Because the Court lacks subject-matter jurisdiction over the claim presented in the complaint, the government's motion to dismiss the case is accordingly **GRANTED**. The Clerk is directed to close this case.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Senior Judge