# In the United States Court of Federal Claims

No. 21-1858

(Filed: December 15, 2021)

**(NOT TO BE PUBLISHED)**

|  |  |
|---|---|
| **JOSEPH HICKS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| **v.** | ) |
| | ) |
| **UNITED STATES,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

Joseph Hicks, *pro se*, Fisherville, KY.

Miles K. Karson, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. for defendant. With him on the briefs were Brian M. Boynton, Acting Assistant Attorney General, Civil Division, and Patricia M. McCarthy, Director, and L. Misha Preheim, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Senior Judge.

Plaintiff, Joseph Hicks, brings this suit against the government alleging that the United States District Court for the Western District of Kentucky ("district court") committed negligence in its rulings in lawsuits between him and Equifax Information Services, LLC (Equifax), resulting in alleged violations of his due process rights under the Fifth and Seventh Amendments to the United States Constitution. *See generally* Compl., ECF No. 1; Am. Compl., ECF No. 11. Pending before the court is defendant's ("the government") motion to dismiss for lack of subject-matter jurisdiction. *See* Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 16. The motion is fully briefed, *see* Def.'s Reply, ECF No. 18, and the matter is ready for disposition. For the following reasons, the government's motion is GRANTED.

In his complaint, Mr. Hicks asks the court to award "[a]ctual, [g]eneral, and [p]resumed damages [against the United States and] the right to collect [p]unitive damages from Equifax." Compl. at 5. The government contends that the court does not have jurisdiction because Mr. Hicks's claims seek a correction of the district court's rulings, sound in tort, do not arise under money-mandating statutes, and seek redress against Equifax as a private entity. Def.'s Mot. at 4-6. In response, Mr. Hicks argues that his claims are "against the (DOJ) Defendants," and urges that the court "should not give any[]more credence to the U.S. Attorneys['] pleadings, than to those of any [p]laintiff." Pl.'s Resp. at 1, 3, ECF No. 17.

The court has "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Section 1491(a)(1) does not create an independent cause of action, so a "plaintiff must assert a claim under a separate money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages against the United States." *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998). Additionally, the court "does not have jurisdiction to review the decision[s] of district courts." *Innovair Aviation Ltd. v. United States*, 632 F.3d 1336, 1344 (Fed. Cir. 2011) (internal quotations omitted). Insofar as Mr. Hicks asks this court to review the district court's decisions for negligence, the court cannot hear those claims. Further, this court does not have jurisdiction over claims based on violations of the Fifth and Seventh Amendments, *see Smith v. United* States, 709 F.3d 1114, 1116 (Fed. Cir. 2013); *Jaffer v. United States*, No. 95-5127, 1995 WL 592017, at *2 (Fed. Cir. Oct. 6, 1995), or claims sounding in tort, *Naskar v. United States*, 82 Fed. Cl. 319, 321 (2008). All of Mr. Hicks's claims are based in negligence or under non-money-mandating provisions. The court therefore GRANTS the defendant's motion. Mr. Hicks's complaint shall be dismissed for lack of subject-matter jurisdiction.

The Clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

s/Charles F. Lettow
Charles F. Lettow
Senior Judge

2