# In the United States Court of Federal Claims

No. 23-1742

Filed: February 28, 2025

|  |  |
|---|---|
| ARTHUR LOPEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

On October 4, 2023, plaintiff, Mr. Arthur Lopez, proceeding *pro se*, filed a complaint in this Court alleging that various government agencies conducted a takings scheme to deprive him of his property, assets, claims, and rights. *See* Complaint [hereinafter Compl.] at 1–2, 4, 5, ECF No. 1. Mr. Lopez seeks relief of no less than "$333,333,333.33 . . . after taxes." Compl. at 11.

This Court's jurisdictional grant is primarily defined by the Tucker Act, which grants this Court subject-matter jurisdiction over claims brought against the United States that are grounded on a money-mandating source of law and do not sound in tort. 28 U.S.C. § 1491(a)(1). This Court likewise lacks jurisdiction over claims alleging criminal conduct, *see Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994), and claims for social security benefits, *see Arunga v. United States*, 465 F. App'x 966, 967–68 (Fed. Cir. 2012) ("[T]he Court of Federal Claims lacks jurisdiction because claims for social security benefits must be filed in a federal district court.")

Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC") states that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." R. Ct. Fed. Cl. 12(h)(3).

Mr. Lopez apparently believes that federal agency officials, local law enforcement, and private companies conspired to take his "housing" and assets in a scheme involving torts, criminal actions, and an "unlawful" denial of social security disability benefits. *See* Compl. at 1–2, 4–7, 9. For example, during the years 2011, 2012, 2013, 2017, 2022, and 2023, Mr. Lopez claims that the government (1) stalked and harassed him by planting government actors at his church and outside of a library to impede his ability to conduct legal research; (2) obstructed his ability to meet deadlines in his separate housing discrimination claim against a private party, Irvine Company LLC; (3) interrupted his internet access; (4) committed "discrimination, segregation, fraud, and more unlawfulness," causing him to lose his Newport Beach housing; (5)

engaged in an illegal sex trade; and (6) generally attempted to entrap him in these multiple schemes. *Id.* at 1–8.

Defendant argues that this Court lacks jurisdiction because of the tortious, criminal, and social security benefits aspects of his claims, and that his claims are nonetheless time-barred. *See* Defendant's Motion to Dismiss at 4–12, ECF No. 8.

While this Court has subject-matter jurisdiction over takings claims, this Court does not have subject-matter jurisdiction over claims that sound in tort. 28 U.S.C. § 1491(a)(1). This Court similarly lacks jurisdiction over criminal claims and social security benefits claims. *See Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994); *see also Arunga v. United States*, 465 F. App'x 966, 968 (Fed. Cir. 2012). Because Mr. Lopez's takings scheme claim involves (1) the torts of harassment and discrimination; (2) the crimes of prostitution, entrapment, and fraud; and (3) his social security benefits, we lack jurisdiction over Mr. Lopez's claims.

For the reasons set forth above, defendant's Motion to Dismiss is hereby **GRANTED**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge