Unjust conviction and imprisonment claim. — On April 1, 1966, the court issued the following order:
Per Curiam :
Plaintiff herein has been permitted to proceed in forma pauperis. His petition seeks recovery of $5,000 under Title 28 U.S.C. § 1495 (62 Stat. 941) and § 2513 (62 Stat. 978; 68 Stat. 1247) for unjust and illegal conviction and imprisonment. He attaches to his complaint copies of an opinion (and other papers) of the November Term, 1962, of the 10th Circuit United States Court of Appeals, in No. 6858, Billy Jack Phillips, Appellant, vs. The United States of America, Appellee, 311 F. 2d 204, entitled “Appeal from the United States District Court for the District of Kansas” wherein his conviction in the District Court is reversed with directions to dismiss the charge. The case is now before this court on defendant’s motion to dismiss the petition on the ground that it does not state facts sufficient to constitute a cause of action against the United States.
Statutory jurisdiction for recovery in the United States Court of Claims in cases of this nature is found in Title 28 U.S.C. as follows:
§ 1495. Damages for unjust conviction and imprisonment claim United States.
The Court of Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against tlie United States and imprisoned. (June 25,1948, ch. 646, 62 Stat. 941.)
2513. conviction and
(a) Any person suing under section 1495 of this title must and that:
(1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
*886 (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory, or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.
(b) Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received.
(c) No pardon or copy a considered by the Court of Claims unless it contains recitals that the pardon was granted after applicant had exhausted all recourse to the courts and that the time for any court to exercise its jurisdiction had expired.
(d) The Court may permit the plaintiff to prosecute such action in forma pauperis.
(e) The amount of damages awarded shall not exceed the sum of $5,000. (June 25,1948, ch. 646, 62 Stat. 978; Sept. 8,1954, ch. 1263, § 56,68 Stat. 1247.)
The record reveals that plaintiff had appealed to the 10 th Circuit Court of Appeals from a judgment and sentence in the United States District Court for the District of Kansas, on a jury verdict, for the interstate transportation of a stolen vehicle in violation of Title 18 U.S.C. § 2312. He had entered a plea of not guilty by reason of insanity. The Court of Appeals reversed, with directions to dismiss the charge, stating that the evidence disclosed that Phillips had a long and continuous history of mental illness which was sufficient to cast on the Government the burden of proving criminal responsibility for the offense charged beyond a reasonable doubt and that the Government failed to sustain its burden of proving beyond reasonable doubt that Phillips was criminally responsible at the time of the interstate transportation of the stolen vehicle.
Plaintiff has not filed a certificate of innocence or a pardon which is mandatory under 28 US.C. § 2513. Instead, he seeks to have this court accept the opinion and mandate of the Court of Appeals in reversing his conviction, as such certificate or pardon for compliance with sub-paragraph (b) of 28 U.S.C. § 2513. This the court cannot do under the statute. It is abundantly clear that plaintiff must show by a certificate of the court or pardon not only that his conviction has been reversed or set aside on the ground that he is *887 not guilty of the offense of Which he was convicted, but also that he did not commit any of the acts charged or that his acts, deeds, or omissions in connection with such charge, constituted no offense against the United States, or any State, Territory or the District of Columbia. Even if it could be received by this court, as proof of innocence or pardon, the opinion of the Court of Appeals does not state that' Phillips did not commit any of the acts charged or that his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia. Rather, it states in part that “* * * .the only issue was the criminal responsibility of the accused. Indeed, the case was submitted to the jury on the issue of ‘insanity at the time of the alleged offense’ ”. The court further stated that since there was nothing in the record to indicate that relevant testimony would 'be available or adduced upon a new trial on this issue, the case was reversed with directions to dismiss the charge.
In Weiss v. United States, 120 Ct. Cl. 1 (1950), an action to recover for unjust conviction and imprisonment under the statute, this court stated that plaintiff’s petition failed to allege that any court had issued a certificate that the acts upon which he was charged with having committed did not constitute an offense against the United States, or any State, or Territory, or the District of Columbia, and that in the absence of such a certificate, or in the absence of a pardon so alleging, plaintiff was not entitled to recover. In Roberts v. United States, 126 Ct. Cl. 947 (1953), also a suit for unjust conviction under 28 U.S.C. § 1495 and § 2513, in granting defendant’s motion to dismiss, the court stated:
Plaintiff is clearly not entitled to recover. The statute makes it a prerequisite to recovery that a plaintiff prove innocence of the crime for which he was convicted and other things, and it prescribes that these things can only be proven by a certificate of the trial judge. We have no such certificate before us.
See also Bell v. United States, 166 Ct. Cl. 600 (1964), and Cephus v. United States, Ct. Cl. No. 245-65, decided this date, post, p. 888. These decisions demonstrate that the plain *888 tiff bias failed to state a claim within the jurisdiction of this court.
On July 12,1965, plaintiff filed a motion for appointment of counsel. By letter addressed to the clerk of this court dated February 6, 1966, plaintiff withdrew his petition for counsel in the case. Since the court holds that plaintiff’s petition is defective for failure to provide a certificate of the court or pardon, the question of the appointment of counsel for plaintiff is deemed immaterial.
It Is Thereeore Ordered that defendant’s motion to dismiss the petition be and the same is granted and plaintiff’s petition is dismissed.
It Is Further Ordered that the dismissal of plaintiff’s petition shall be without prejudice to the filing of a new action by plaintiff, within the statutory period as provided by 28 U.S.C. § 2501, provided such action is based upon a certificate of the court or pardon as required by 28 U.S.C. § 2513.
Bv the Court:
WlLSON COWEN, GJvief Judge.
April 1, 1966.
Before CoweN, Chief Judge, Laramore, Dureee, Davis and ColliNS, Judges.