Leon TASBY, Plaintiff,

v.

**The UNITED STATES, Defendant.**

**No. 09–36C.**

United States Court of Federal Claims.

May 28, 2009.

---

Leon Tasby, Amarillo, Texas, Pro Se.

Gregg Paris Yates, Commercial Litigation Branch, Civil Division, Department of Justice, Washington D.C., with whom were Michael Hertz, Acting Assistant Attorney General, Jeanne E. Davidson, Director and Alan J. Lore, Assistant Director, for Defendant.

### OPINION and ORDER

SMITH, Senior Judge.

Plaintiff, Leon Tasby, has filed a Memorandum of Law in Support of his Motion to Proceed *In Forma Pauperis,* which this Court liberally construes as Mr. Tasby's Complaint as well as his Motion to Proceed *In Forma Pauperis.*[1] It appears to the Court that Plaintiff is indigent, thus the Court hereby **GRANTS** Plaintiff's Motion to Proceed *In Forma Pauperis.* However, the Court **DISMISSES** Plaintiff's Complaint for the reasons set forth below.

### STANDARD OF REVIEW

Before the Court is Defendant's Motion to Dismiss. In assessing a motion to dismiss a claim, the Court must assume that all factual claims contained in the complaint are true and must draw all inferences in favor of the plaintiff. *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 747 (Fed.Cir.1988). The plaintiff bears the burden of establishing the Court's jurisdiction to hear his claims by a preponderance of the evidence. *Id.* at 748. Therefore, the plaintiff must allege a substantive right to relief that "can be fairly interpreted as mandating compensation by the Federal Government for the damage sustained." *United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). If the plaintiff fails to identify a money-mandating constitutional provision, statute or

1. Mr. Tasby's original Complaint named Nathaniel Quarterman, Director, Texas Department of Criminal Justice Institutional Division as the defendant in this action. *See* Pl. Mot. Proceed *In Forma Pauperis* 2. However, the only defendant

regulation that entitles him to relief, the Court must dismiss the complaint for lack of jurisdiction. *Jan's Helicopter Serv. Inc. v. Fed. Aviation Admin.,* 525 F.3d 1299, 1306 (Fed.Cir.2008).

### DISCUSSION

■ In his Complaint, Mr. Tasby asks the Court to review the denial of a *habeas corpus* petition by the United States District Court for the Southern District of Texas. Additionally, Mr. Tasby seeks either declaratory relief relating to his rights under Former Tex.Crim. P.Code art. 42.12, or to provide injunctive relief with respect to his incarceration. Generally, this Court's jurisdiction is limited to complaints that allege a substantive right to relief that is articulated as a money-mandating statute. *Testan,* 424 U.S. at 400, 96 S.Ct. 948. As an exception, however, this Court may award equitable relief "as an incident of and collateral to" a judgment for monetary damages during a bid protest matter under the Contract Disputes Act. *See* 28 U.S.C. § 1491(a)(2). Here, it appears that Mr. Tasby's Complaint neither raises a money-mandating statute, nor does his complaint arise out of a bid protest suitable under the CDA.

■ Further, Mr. Tasby invokes three federal statutes in attempt to place his claims properly under this Court's jurisdiction. The first statute cited by Mr. Tasby is the All Writs Act under 28 U.S.C. § 1651. This statute "permits writs in aid of jurisdiction, but does not itself create jurisdiction." *Stephenson v. Dow Chem. Co.,* 346 F.3d 19, 21 (2nd Cir.2003). The second statute cited by Mr. Tasby is 28 U.S.C. § 1361. This statute grants federal court jurisdiction over mandamus actions to compel "the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Because the agency whose actions are at issue is a Texas state agency, not an agency of the United States, this statute does not apply in this case. *See In re Wolenski,* 324 F.2d 309,

this Court may hear a case against is the United States. *United States v. Sherwood,* 312 U.S. 584, 588, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). As is the practice of the Court, the Clerk has re-captioned this case accordingly.

309 (3rd Cir.1963) (holding that a mandamus action to compel a Pennsylvania state court was not within the jurisdiction of a federal court under 28 U.S.C. § 1361). The third and final statute cited by Mr. Tasby is 28 U.S.C. § 1492. This statute states that "[a]ny bill, except a bill for a pension, may be referred by either House of Congress to the chief judge of the United States Court of Federal Claims for a report in conformity with section 2509 of this title." 28 U.S.C. § 1492. Thus, this statute does not apply to the case at hand as this matter was not referred to this Court by either House of Congress. Therefore, in the absence of any statutory provision for this Court to hear this claim, it shall be dismissed for lack of jurisdiction.

## CONCLUSION

For the reasons set forth above, this Court lacks jurisdiction to hear Plaintiff's claims and grants Defendant's Motion to Dismiss. The Court hereby directs the Clerk to **DISMISS WITHOUT PREJUDICE** Plaintiff's Complaint.

It is so **ORDERED.**