Leon **TASBY**, Plaintiff,

v.

The **UNITED STATES**, Defendant.

No. 09–445C.

United States Court of Federal Claims.

Feb. 3, 2010.

Leon Tasby, Corpus Christi, Texas, Pro Se.

Michael Damien Snyder, Commercial Litigation Branch, Civil Division, Department of Justice, Washington D.C., with whom were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Kirk T. Manhardt, Assistant Director, for Defendant.

## OPINION and ORDER

SMITH, Senior Judge.

Plaintiff, Leon Tasby, has filed a Motion to Proceed *In Forma Pauperis,* a Complaint, and a Memorandum of Law in Support of the Complaint. In response, Defendant filed a Motion to Dismiss under RCFC 12(b)(1). It appears to the Court that Plaintiff is indigent; therefore, the Court **GRANTS** Plaintiff's Motion to Proceed *In Forma Pauperis.* However, after careful review and consideration, the Court hereby **GRANTS** Defendant's Motion to Dismiss.

### I. BACKGROUND

In 1983, a Texas state court sentenced Mr. Tasby to life in prison on a charge of aggravated robbery. Mr. Tasby was incarcerated until his release on parole from a Texas state prison on August 10, 2009. While incarcerated, Mr. Tasby filed an application for writ of *habeas corpus* in the United States District Court for the Southern District of Texas, which was denied. On January 16, 2009, Mr. Tasby asked this Court to review the Southern District's denial of his *habeas* petition. This Court dismissed that complaint without prejudice, for lack of jurisdiction. *See Tasby v. United States,* 87 Fed.Cl. 180 (2009).

Following that dismissal, Mr. Tasby filed a new Complaint in this Court. In his new Complaint, Mr. Tasby seeks compensatory damages of $3,458,827.20 for lost wages, personal humiliation, and mental anguish due to the many years of his alleged false imprison-

ment. (Compl. at 4–5.) He also seeks another $6,000,000 for his two children, $1 in nominal damages, $5,000,000 in punitive damages, and "any such other payments ... that this Court deems just." (Compl. at 5.) In addition, Mr. Tasby asks the Court to direct the Defendant to pay all taxes associated with these damages. *Id.*

The Defendant asks the Court to dismiss Mr. Tasby's new Complaint for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1). The motion now being fully briefed, the Court agrees with the Defendant that this matter must be dismissed.

## II. STANDARD OF REVIEW

Plaintiff proceeds *pro se;* therefore, the Court holds his pleadings to a less stringent standard than the Court would hold a party represented by an attorney. *See Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). Nevertheless, Plaintiff bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence. *Taylor v. United States,* 303 F.3d 1357, 1359 (Fed.Cir.2002). Thus, the Court must dismiss Mr. Tasby's Complaint if he fails to establish subject matter jurisdiction by a preponderance of the evidence.

## III. DISCUSSION

Mr. Tasby is before the Court asserting several claims. These claims are comprised of a tort claim, as well as constitutional and statutory violations. However, none of Mr. Tasby's claims are within the jurisdiction of this Court.

### A. Tort Claims are Precluded in This Court

In his Complaint, Mr. Tasby seeks monetary damages for his claim of false imprisonment. (Compl. at 4–5.) The Court does not have jurisdiction over this claim, because false imprisonment is a tort, and the Tucker Act bars claims sounding in tort from the jurisdiction of this Court. *See, e.g., Schweitzer v. United States,* 82 Fed.Cl. 592, 595 (2008).

This Court can, however, consider a claim of unjust imprisonment under 28 U.S.C. §§ 1495, 2513. *See Phillips v. United States,* 175 Ct.Cl. 885, 885 (1966) (holding that these statutes require claimants to show a pardon or a certificate of innocence). However, Mr. Tasby neither asserted such a claim, nor has he produced any such evidence.

### B. Constitutional Claims

In order for this Court to have jurisdiction over constitutional and statutory claims, the claims must be money mandating. *United States v. Mitchell,* 463 U.S. 206, 216, 218, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). It appears from the Complaint that Mr. Tasby filed two *habeas* petitions in federal district courts in Texas, which were both denied. As a result, Mr. Tasby argues that these federal courts violated several constitutional provisions when they relied on the opinions of Texas state courts to permit his continued incarceration. Those constitutional provisions include the Ex Post Facto Clause, the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, and the separation of powers doctrine.

None of the constitutional provisions cited by Mr. Tasby are money-mandating. *See, e.g., Atlas Corp. v. United States,* 15 Cl.Ct. 681, 691 (1988) (stating that the Ex Post Facto Clause is not money-mandating); *LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed.Cir.1995) (stating that the First Amendment, the Due Process Clause of the Fifth Amendment, the Fourteenth Amendment's Due Process and Equal Protection Clauses, and the doctrine of separation of powers are not money-mandating); *LaChance v. United States,* 15 Cl.Ct. 127, 130 (1988) (stating that the Fourth Amendment prohibition of unreasonable searches and seizures is not money-mandating); *Trafny v. United States,* 503 F.3d 1339, 1339 (Fed.Cir.2007) (stating that the Eighth Amendment prohibitions of excessive bail or fines, as well as cruel and unusual punishment, are not money-mandating). Therefore, this Court lacks jurisdiction over these claims.

Although this Court does have jurisdiction to review a Fifth Amendment claim asserting a taking of private property, Mr. Tasby has not asserted such a claim. *E.g.*

*Morris v. United States*, 392 F.3d 1372, 1375 (Fed.Cir.2004) (discussing this Court's exclusive jurisdiction over Fifth Amendment takings claims "for amounts greater than $10,000"). Thus, the Court does not have jurisdiction to hear his Fifth Amendment claim.

### C. *Statutory Claims*

 Finally, it appears that Mr. Tasby is trying to submit some claims under 28 U.S.C. § 2254 (relating to applications for writs of *habeas corpus)*, 42 U.S.C. § 1983 (relating to civil rights claims), and three other federal statutes. This Court cannot grant a writ of *habeas corpus. Ledford v. United States*, 297 F.3d 1378, 1381 (Fed.Cir. 2002). Neither does this Court have jurisdiction to adjudicate 42 U.S.C. § 1983 claims. *Anderson v. United States*, 22 Cl.Ct. 178, 179 n. 2 (1990), *aff'd*, 937 F.2d 623, 1991 WL 100830 (Fed.Cir.1991). Mr. Tasby also invokes three additional federal statutes: 28 U.S.C. § 2071(A), (C); 28 U.S.C. § 2503(B); and 28 U.S.C. § 2521(A). These statutes confer authority on this Court to promulgate its rules of practice and procedure, and to issue subpoenas. Therefore, none of the above statutes confers jurisdiction on the Court.

### IV. CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** Defendant's Motion to Dismiss because it lacks jurisdiction to hear Plaintiff's claims. The Court further directs the Clerk to **DISMISS WITHOUT PREJUDICE** Plaintiff's Complaint.

**It is so ORDERED.**