Charles Allen TREECE, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 10–380 C.

United States Court of Federal Claims.

Nov. 23, 2010.

Charles Allen Treece, Kinder, LA, pro se.

Sarah A. Murray, Washington, DC, with whom were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

HEWITT, Chief Judge.

Before the court are plaintiff's Complaint[1] (Complaint or Compl.), Docket Number (Dkt. No.) 2, filed June 18, 2010; plaintiff's First Amendment[4] to plaintiff's Complaint (First Amendment), Dkt. No. 10, filed September 20, 2010; Defendant's Amended Motion to Dismiss[5] (defendant's Motion or Def.'s Mot.), Dkt. No. 13, filed October 4, 2010; plaintiff's First Response to defendant's Motion, Dkt. No. 8, filed September 20, 2010; plaintiff's Second Response to defendant's Motion, Dkt. No. 12, filed October 5, 2010; plaintiff's Third Response to defendant's Motion, Dkt. No. 15, filed October 21, 2010; and Defendant's Reply to Plaintiff's Response to Amended Motion to Dismiss, Dkt. No. 18, filed November 18, 2010.

Defendant moves to dismiss plaintiff's Complaint for lack of jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). Def.'s Mot. 1.[6] For the following reasons, the court GRANTS defendant's Motion to Dismiss.

## I. Background

Charles Allen Treece (plaintiff or Mr. Treece) is a prisoner and has been incarcerated since 1994. *See* Compl. Introduction.

---

1. Plaintiff numbered the first eight pages of his Complaint (Compl.) with Roman numerals. Plaintiff then attached four exhibits to his Complaint. The exhibits are labeled VIII, A, C–1 and D. Plaintiff then numbered most of the following forty-two pages of his Complaint with paragraph numbers. The first three paragraphs are not numbered, but are, instead, labeled "Introduction." The court follows plaintiff's numbering system and refers to the first eight pages by Roman numerals, the exhibits as VIII, A, C–1 and D, and the last forty-two pages either as "Introduction" or by paragraph number.

2. In plaintiff's Complaint, plaintiff refers to himself as "Class Representative." Compl. I. Plaintiff did not follow proper procedures to file as a class action, as set forth in Rule 23 of the Rules of the United States Court of Federal Claims (RCFC). Plaintiff filed a motion to certify the case as a class action on November 1, 2010. Docket Number (Dkt. No.) 16. Plaintiff's motion is now moot. Even if plaintiff had followed the proper procedures, plaintiff's Complaint would nevertheless be dismissed for lack of subject matter jurisdiction.

3. Plaintiff filed a "Motion for an interlocutory Summary judgment on The following claims under R.C.F.C. Rule 56(A)(1)(d)(2)" on November 18, 2010. Dkt. No. 19. Because plaintiff's Complaint is dismissed for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), it is not necessary for the court to address plaintiff's motion.

4. Plaintiff attached two exhibits to his First Amendment. The exhibits are labeled A–1 and P. The court follows plaintiff's labeling system.

5. Defendant filed Defendant's Motion to Dismiss on August 18, 2010. Dkt. No. 6. On October 4, 2010, pursuant to the court's September 20, 2010 Order, defendant filed Defendant's Amended Motion to Dismiss (defendant's Motion or Def.'s Mot.) to address plaintiff's Complaint as amended by plaintiff's First Amendment. Dkt. No. 13. Because defendant's Motion is "largely identical to the brief filed by the United States on August 18, 2010," Def.'s Mot. 1, the court refers to Defendant's Amended Motion to Dismiss when addressing defendant's arguments.

6. Alternatively, defendant moves to dismiss plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6). Def.'s Mot. 1. Defendant also argues that plaintiff's Complaint is barred by res judicata. Def.'s Mot. 8. Because plaintiff's Complaint is dismissed for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), the court does not address these arguments.

On February 12, 2003, Mr. Treece turned sixty-five years old, the age of eligibility to receive retirement benefits under the Social Security Act. *Id.* Mr. Treece did not receive any benefits. *Id.* On June 16, 2004 Mr. Treece sent a letter to the Social Security Administration (SSA) requesting the benefits be paid to him. *See* Plaintiff's Exhibit (PX) D (July 19, 2004 letter from the SSA to plaintiff). In a letter sent to Mr. Treece, the SSA explained that federal law barred Mr. Treece from collecting Social Security benefits because he was incarcerated. *Id.* Mr. Treece appealed the decision to the SSA, which denied the appeal and reiterated that Mr. Treece was not eligible for Social Security benefits because he was incarcerated. PX C–1 (October 24, 2004 letter from the SSA to plaintiff). Mr. Treece has since filed numerous cases in various federal courts, each time seeking payment of Social Security benefits. *See* Compl. II, VIII; *see also* First Amendment PX A–1 (judgment from United States Court of Appeals for the Eleventh Circuit); *Treece v. Louisiana,* No. 2:08–cv–1486, 2008 WL 5480566, *1 n. 1, 2008 U.S. Dist. LEXIS 106571, *1–2 n. 1 (W.D.La. Dec. 5, 2008) (noting that "there are at least six other suits in which Mr. Treece attempts to advance his Social Security Claims").

In addition to his claim for Social Security benefits, *see* Compl. I, ¶¶ 35, 119, plaintiff also alleges numerous other constitutional, statutory and tort claims.[7] Plaintiff makes a "[d]emand for back pay dating from April 2003 until this case is settled," Compl. ¶ 131,

and requests "damages awards for emotional distress and mental anguish," Compl. ¶ 131, "costs for wrongful seizure," Compl. ¶ 133, "equitable relief," Compl. ¶ 103, and a "preliminary injunction under 28 § 2201," Compl. ¶ 133.

Defendant contends that the court lacks subject matter jurisdiction over all of plaintiff's claims. Def.'s Mot. 4–7. The court agrees.

II. Legal Standards

A. 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

 Subject matter jurisdiction is a threshold matter which a court must determine at the outset of a case. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); *PODS, Inc. v. Porta Stor, Inc.,* 484 F.3d 1359, 1365 (Fed.Cir.2007). The plaintiff bears the burden of establishing the court's jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988) (citing *Zunamon v. Brown,* 418 F.2d 883, 886 (8th Cir.1969)). The court must accept as true all undisputed allegations of fact made by the non-moving party and draw all reasonable inferences from those facts in the non-moving party's favor. *Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir.1995). Complaints filed by pro se plaintiffs are generally held to "less stringent standards than formal pleadings drafted by lawyers."

---

7. Plaintiff alleges the following claims: violation of the "Supremacy Clause of the Fifth Amendment," Compl. ¶ 7; violation of the constitutional prohibition against ex post facto laws, *see* Compl. ¶¶ 8, 35, 57, 58; violation of the Double Jeopardy Clause, Compl. ¶¶ 8, 16, 49, 69; violation of the "fourth amendment for seizure of his currency," Compl. ¶ 35, 69; "denial of due process [that] violates the Fourth Amendment," Compl. ¶ 36; *see also* Compl. ¶ 92; violation of the constitutional prohibition against bills of attainder, *see* Compl. ¶¶ 54, 55, 110; denial of due process in violation of the Fourteenth Amendment, *see* Compl. ¶ 69; denial of counsel in violation of the Sixth Amendment, Compl. ¶ 80; violation of the Equal Protection Clause, *see* Compl. ¶ 112; violation of the Fifth Amendment, Compl. ¶ 112; violation of the Eighth Amendment, Compl. ¶ 112; a "just compensation claim founded on the Fifth Amendment," Compl. ¶ 132; fraud by the Social

Security Administration, *see* Compl. ¶¶ 4, 6, 7, 19, 21, 22, 23, 31, 32, 41, 53, 77; emotional distress, Compl. ¶ 31; violation of the Federal Tort Claims Act, Compl. ¶ 87; violation of 42 U.S.C. § 407, Compl. ¶ 7; denial of due process under 42 U.S.C. § 405(g), Compl. ¶¶ 10, 17; unconstitutionality of 42 U.S.C. § 402(x), Compl. ¶¶ 15, 39, 44; unconstitutionality of "Social Security Act 202x," Compl. ¶ 94; violation of 18 U.S.C. § 1027, Compl. ¶¶ 7, 53; violation of 18 U.S.C. § 1029, Compl. ¶ 53; violation of 18 U.S.C. § 3663, Compl. ¶ 81; obstruction of justice under 18 U.S.C. § 1506, Compl. ¶ 21; violation of "18 § 1371," Compl. ¶¶ 7, 53; violation of "5 § 2504," Compl. ¶¶ 36, 48, 50, 74; violation of "5:552," Compl. ¶¶ 4, 6; violation of the "Privacy Act 5 § 552," Compl. ¶¶ 9, 77; "28 § 2465 costs for wrongful seizure," Compl. ¶ 133; and an impermissible "[f]ederal forfeiture action under 21 USCA § 853(n)(6)(A)," *see* Compl. ¶ 26.

*Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Nevertheless, pro se plaintiffs must meet jurisdictional requirements. *Bernard v. United States,* 59 Fed.Cl. 497, 499, *aff'd,* 98 Fed.Appx. 860 (Fed.Cir.2004) (unpublished). If the court determines that it does not have jurisdiction, it must dismiss the claim. RCFC 12(h)(3).

■■■ The Tucker Act establishes and limits the jurisdiction of the Court of Federal Claims. 28 U.S.C. § 1491 (2006). The Tucker Act provides that this court has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act provides the waiver of sovereign immunity necessary for a plaintiff to sue the United States for money damages. *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). However, the Tucker Act does not confer any substantive rights upon a plaintiff. *United States v. Testan,* 424 U.S. 392, 398–401, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). A plaintiff must establish an independent substantive right to money damages from the United States, that is, a money-mandating source within a contract, regulation, statute or constitutional provision itself, in order for the case to proceed. *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.,* 525 F.3d 1299, 1306 (Fed.Cir.2008).

### B. Transfer for Lack of Subject Matter Jurisdiction

■■■ Under 28 U.S.C. § 1631, a federal court may transfer a case to another federal court when (1) the transferring court lacks subject matter jurisdiction; (2) the case could have been brought in the transferee court at the time it was filed; and (3) such a transfer is in the interest of justice. *See Rodriguez v. United States,* 862 F.2d 1558, 1559–60 (Fed.Cir.1988) (citing *Town of North Bonneville, Wash. v. U.S. District Court,* 732 F.2d 747, 750 (9th Cir.1984)).

### III. Discussion

For the following reasons, all of plaintiff's claims are dismissed for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1). Additionally, the court finds that transfer of plaintiff's case to another federal court is inappropriate.

### A. Denial of Social Security Benefits

Plaintiff attempts to invoke the court's jurisdiction under the Tucker Act to appeal the SSA's decision denying him Social Security benefits while he is incarcerated. *See* Compl. I, ¶¶ 35, 73. Plaintiff argues that he has an "implied contact with the I.R.S. to receive Social Security payments from Treece's employers which was then forwarded to the commissioner to hold in obligation toward Treece's retirement...." Compl. ¶ 35. Plaintiff also argues that "there is and always has been an implied contract between him, and his employers and the Social Security Administration, to return these taxes to the participants who have earned enough credits to receive those benefits." Compl. ¶ 73.

■■■ Although plaintiff attempts to characterize his claim as a breach of an implied contract, it is the court's view that plaintiff's claim is essentially an appeal of the SSA's decision denying him Social Security benefits. "The Court of Federal Claims does not have jurisdiction over claims arising from the Social Security Act." *Addams–More v. United States,* 81 Fed.Cl. 312, 315 (2008) (citing *Marcus v. United States,* 909 F.2d 1470, 1471 (Fed.Cir.1990)), *aff'd,* 296 Fed.Appx. 45 (Fed. Cir.2008) (unpublished). Indeed, the Social Security Act confers exclusive jurisdiction upon federal district court for actions regarding Social Security benefits. *See* 42 U.S.C. § 405(g), (h); *Marcus,* 909 F.2d at 1471. Therefore, pursuant to RCFC 12(b)(1), plaintiff's claim is dismissed for lack of jurisdiction.

### B. Claims Arising Under the Constitution

Plaintiff alleges violations of the following constitutional provisions: the Supremacy Clause, the Ex Post Facto Clause, the Double Jeopardy Clause, the Bills of Attainder

Clause, and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments. *See* Compl. ¶¶ 7, 8, 16, 35, 36, 49, 54, 55, 57, 58, 69, 80, 92, 110, 112, 132.

 "In order for this Court to have jurisdiction over constitutional ... claims, the claims must be money mandating." *Tasby v. United States*, 91 Fed.Cl. 344, 346 (2010) (citing *Mitchell*, 463 U.S. at 216, 103 S.Ct. 2961). Except for his claim under the Takings Clause, plaintiff did not allege any claim under a constitutional provision that is money mandating. *See, e.g., Hanford v. United States*, 63 Fed.Cl. 111, 119 (2004) (finding that the court did not have jurisdiction over the plaintiff's Supremacy Clause claim); *Tasby*, 91 Fed.Cl. at 346 ("[T]he Ex Post Facto Clause is not money-mandating.") (citing *Atlas Corp. v. United States*, 15 Cl.Ct. 681, 691 (1988)); *Flowers v. United States*, 80 Fed.Cl. 201, 214 (finding that the Double Jeopardy Clause is not money mandating), *aff'd* 321 Fed.Appx. 928 (Fed.Cir.2008) (unpublished); *Fry v. United States*, 72 Fed.Cl. 500, 507 (2006) (finding that the court did not have jurisdiction over the plaintiff's Bill of Attainder Clause claim); *Tasby*, 91 Fed.Cl. at 346 ("[T]he Fourth Amendment prohibition of unreasonable searches and seizures is not money-mandating.") (citing *LaChance v. United States*, 15 Cl.Ct. 127, 130 (1988)); *Tasby*, 91 Fed.Cl. at 346 ("[T]he Due Process Clause of the Fifth Amendment ... [is] not money-mandating.") (citing *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed.Cir.1995)); *Milas v. United States*, 42 Fed.Cl. 704, 710 (1999) (finding that the Sixth Amendment is not money-mandating); *Tasby*, 91 Fed.Cl. at 346 ("[T]he Eighth Amendment prohibitions of excessive bail or fines, as well as cruel and unusual punishment, are not money-mandating.") (citing *Trafny v. United States*, 503 F.3d 1339, 1339 (Fed.Cir.2007)); *Tasby*, 91 Fed.Cl. at 346 ("[T]he Fourteenth Amendment's Due Process and Equal Protection Clauses ... are not money-mandating.") (citing *LeBlanc*, 50 F.3d at 1028). Pursuant to RCFC 12(b)(1), plaintiff's claims regarding violations of the Supremacy Clause, the Ex Post Facto Clause, the Double Jeopardy Clause, the Bills of Attainder Clause, the Fifth Amendment Due Process Clause, and the Fourth, Sixth, Eighth and Fourteenth Amendments are dismissed for lack of jurisdiction.

 Plaintiff attempts to invoke the court's jurisdiction through the Fifth Amendment Takings Clause. Although the Court of Federal Claims has jurisdiction over Fifth Amendment takings claims under the Tucker Act, *Jan's Helicopter Serv., Inc.*, 525 F.3d at 1309, the court does not have jurisdiction over plaintiff's claim because his claim amounts to an appeal of a denial of Social Security benefits. *See Marcus*, 909 F.2d at 1471 ("[W]e hold that the Claims Court has no jurisdiction under the Tucker Act ... over claims to social security benefits, even considering appellant's assertions that he is entitled to relief under the Constitution."); *see also Addams–More v. United States*, 296 Fed.Appx. 45, 47–48 (Fed.Cir.2008) (unpublished) ("The Court of Federal Claims similarly lacks jurisdiction over [the appellant's] Fifth Amendment regulatory taking claim because Appellant is alleging a violation of her constitutional rights due to a denial of social security benefits."). Therefore, pursuant to RCFC 12(b)(1), plaintiff's takings claim is dismissed for lack of jurisdiction.

 To the extent that plaintiff is alleging a violation of his constitutional rights against government officials in their individual capacities pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), *see* Compl. ¶ 81, that claim is dismissed for lack of jurisdiction. "The Tucker act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials." *Brown v. United States*, 105 F.3d 621, 624 (Fed.Cir.1997) (citing 28 U.S.C. § 1491(a)).

### C. Tort Claims

 Plaintiff alleges fraud by the SSA, *see* Compl. ¶¶ 4, 6, 7, 19, 21, 22, 23, 31, 32, 41, 53, 77, and requests "damages awards for emotional distress and mental anguish,"

Compl. ¶ 132 [8] The Court of Federal Claims does not have jurisdiction over claims sounding in tort. 28 U.S.C. § 1491(a)(1); *Brown,* 105 F.3d at 623. "A claim for fraud is a claim sounding in tort and therefore cannot be considered by the Court of Federal Claims." *Skillo v. United States,* 68 Fed.Cl. 734, 742 (2005) (quoting *Marlin v. United States,* 63 Fed.Cl. 475, 476 (2005)). Additionally, " 'claims for pain and suffering, emotional distress, and mental anguish sound in tort.' As such, this Court lacks jurisdiction to award damages for pain and suffering and emotional distress." *Mastrolia v. United States,* 91 Fed.Cl. 369, 381 (2010) (quoting *Ancman v. United States,* 77 Fed.Cl. 368, 373 (2007)). Because plaintiff's fraud and emotional distress claims are tort claims, they are dismissed for lack of jurisdiction.

### D. Statutory Claims

Plaintiff alleges various statutory claims. Plaintiff alleges that sections of the Social Security Act, specifically 42 U.S.C. § 402(x) and "Social Security Act 202x," are unconstitutional. *See* Compl. ¶¶ 15, 39, 44, 94. Plaintiff also alleges violations of 42 U.S.C. § 405(g), Compl. ¶¶ 10, 17, 42 U.S.C. § 406, Compl. ¶ 6, and 42 U.S.C. § 407, Compl. ¶¶ 6, 7. All of plaintiff's claims under the Social Security Act are dismissed because this court "does not have jurisdiction over claims arising from the Social Security Act." *Addams–More,* 81 Fed.Cl. at 315 (citing *Marcus,* 909 F.2d at 1471).

■■■■■ "In order for this Court to have jurisdiction over ... statutory claims, the claims must be money mandating." *Tasby,* 91 Fed.Cl. at 346 (citing *Mitchell,* 463 U.S. at 216, 103 S.Ct. 2961). It is unclear whether plaintiff alleges claims under the numerous statutes he cites in his Complaint. Plaintiff alleges violations of "18 § 1371," Compl. ¶¶ 7, 53, and "5 § 2504," Compl. ¶¶ 36, 48, 50, 74,

but the U.S. Code does not contain such sections. With regard to the remaining alleged statutory violations, plaintiff did not allege any statutory claims that are money mandating. *See, e.g., Phu Mang Phang v. United States,* 87 Fed.Cl. 321, 326–28 (2009) (finding that the Court of Federal Claims had no jurisdiction over wrongful forfeiture action under 28 U.S.C. § 2465, regardless whether the forfeiture was an in rem forfeiture under 21 U.S.C. § 881 or a criminal in personam forfeiture under 21 U.S.C. § 853), *aff'd* 388 Fed.Appx. 961 (Fed.Cir.2010) (unpublished); *Fuce v. United States,* Nos. 06–304, 06–395 (consolidated), 2006 WL 5649557, at *3, 2006 U.S. Claims LEXIS 479, at *8 (Fed.Cl. Aug. 17, 2006) (finding that the Court of Federal Claims does not have jurisdiction over proceedings arising under 18 U.S.C. § 1506) (citing *Maracalin v. United States,* 52 Fed.Cl. 736 (2002)). Furthermore, because the Court of Federal Claims "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code," *Joshua v. United States,* 17 F.3d 378, 379 (Fed. Cir.1994), plaintiff's claims under 18 U.S.C. § 1027, § 1029 and § 3663 are dismissed for lack of jurisdiction. Finally, plaintiff's claims under the Privacy Act of 1974, 5 U.S.C. § 552a, and the Freedom of Information Act, 5 U.S.C. § 552, are dismissed because the federal district courts have exclusive jurisdiction over such matters. *See* 5 U.S.C. § 552a(g)(1); 5 U.S.C. § 552(a)(4)(B).

### E. Equitable Relief

■■■ Plaintiff requests equitable relief,[9] Compl. ¶ 103, including a "preliminary injunction under 28 § 2201," Compl. ¶ 133. The Court of Federal Claims may grant equitable relief ancillary only to those claims for monetary relief over which it has jurisdiction. *See* 28 U.S.C. § 1491(a)(2), (b)(2); *Acceptance Ins. Cos. v. United States,* 503 F.3d

---

**8.** Plaintiff also states that "monies owed to Treece be demanded by suit under the Federal Tort Claims Act." Compl. ¶ 87. The United States District Courts have exclusive jurisdiction to hear claims brought against the United States under the Federal Tort Claims Act. 28 U.S.C. § 1346(b) (2006); *Skillo v. United States,* 68 Fed. Cl. 734, 742 (2005) (citing *McCauley v. United States,* 38 Fed.Cl. 250, 264 (1997)). Therefore, to the extent that plaintiff alleges a claim under the

Federal Tort Claims Act, that claim is dismissed for lack of jurisdiction.

**9.** Plaintiff also requests relief under "Federal Rule 41(g)," Compl. ¶ 85, but RCFC 41, which addresses voluntary dismissal, does not contain such a section, *see* RCFC 41, nor do the Federal Rules of Civil Procedure, *see* Fed.R.Civ.P. 41.

1328, 1338 (Fed.Cir.2007) (citing *Nat'l Air Traffic Controllers Ass'n v. United States,* 160 F.3d 714, 716 (Fed.Cir.1998)). Because the Court of Federal Claims does not have jurisdiction over plaintiff's monetary claim for Social Security benefits, *see Addams–More,* 81 Fed.Cl. at 315, the court does not have jurisdiction over plaintiff's claims for equitable relief.

### F. Transfer of the Case to Another Court Is Not Appropriate

■ Although not requested by plaintiff, the court considers whether it is in the interests of justice to transfer plaintiff's suit to another jurisdiction. *See* 28 U.S.C. § 1631. Plaintiff has filed numerous suits in federal district courts seeking payment of Social Security benefits, and each court has denied plaintiff's claim. Because the federal district courts, which have jurisdiction over denials of Social Security benefits, *see* 42 U.S.C. § 402(g), (h), have denied plaintiff's claim, it is not in the interests of justice to transfer this case.

### IV. Conclusion

For the foregoing reasons, defendant's Amended Motion to Dismiss the Complaint is GRANTED. The Clerk of Court shall ENTER JUDGMENT dismissing plaintiff's Complaint. No costs.

Plaintiff's "Motion to Certify the above-Mentioned docket number as A class action under R.C.F.C. 23 And appoint counsel under R.C.F.C. Rule 23(1)(B)(g)," filed November 1, 2010, Dkt. No. 16, is MOOT.

Plaintiff's "Motion for an interlocutory Summary judgment on The Following claims under R.C.F.C. Rule 56(A)(1)(d)(2)," filed November 18, 2010, Dkt. No. 19, is MOOT.

IT IS SO ORDERED.