**Jacqueline MADISON & Barbara Scott, Plaintiffs,**

**v.**

**The UNITED STATES of America, Defendant.**

**No. 10–742C.**

United States Court of Federal Claims.

April 28, 2011.

Jacqueline E. Madison & Barbara J. Scott, Landover, Maryland, pro se.

Scott Thomas Palmer, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D. C., for defendant.

## OPINION AND ORDER

HODGES, Judge.

Ms. Madison and Ms. Scott are co-owners of property located in South Carolina. They hold title to this property along with several other owners. Plaintiffs filed a complaint alleging forgery, false statements, and failure to cooperate with landowners. The Complaint was based in part on information plaintiffs obtained from a Freedom of Information Act report in connection with the property. The Complaint listed the USDA and various individuals as defendants. Plaintiffs filed an Amended Complaint after conclusion of briefing on the Government's motion to dismiss. The Amended Complaint alleged violations of the First, Fifth, and Fourteenth Amendments to the United States Constitution, as well as violations of the Privacy Act of 1974 and FOIA.[1] The claims were based on plaintiffs' belief that the Government did not notify them of a contract between the USDA and the other co-owners of the property. Plaintiffs seek various injunctive relief and $250,000,000 in monetary damages.

The Government moved to dismiss the Complaint for lack of jurisdiction pursuant to RCFC 12(b)(1) and 12(b)(6). Plaintiffs were required to identify a money-mandating statute or contract with the Government to establish this court's jurisdiction over their Complaint. This court lacks jurisdiction over several of plaintiffs' claims, and the others fail on all counts to state a claim for which this court can grant relief. For these reasons, we dismiss the Amended Complaint for lack of subject matter jurisdiction and for plaintiffs' failure to state a claim for which relief can be granted.

## BACKGROUND

Plaintiffs are sisters who have a property interest in a sixty-nine acre tract of land located in Hartsville, South Carolina. The property has been part of a subsidy program administered by the Department of Agriculture known as the Direct and Counter–Cyclical Program. The Program provides annual payments to farmers for producing certain crops. On March 20, 2009, plaintiffs filed a Freedom of Information request with the USDA requesting documents associated with the farming of the property for the time period beginning in 2001 through the time the request was filed. The USDA forwarded plaintiffs' request to the Darlington County Farm Service Agency Office, located in South Carolina. The Farm Service Agency supplied plaintiffs with the requested documents. Plaintiffs claim that they discovered their names had been signed to a form authorizing the USDA to enter into a contract with the property owners to produce certain crops.[2] This was the USDA form CCC–509.

The Subsidy Program [3] requires property owners to apply annually to the USDA on an

---

**1.** 5 U.S.C. § 552a(g)(1) (2006) provides that when any agency fails to comply with the Act, an individual "may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection."

**2.** Plaintiffs allege that their signatures were forged by a Mr. Richard Kelley. Plaintiffs also allege that Mr. Kelley forged their mother's signature on a CCC–509 authorization form under the guise of power of attorney.

**3.** See 7 C.F.R. § 1412. Property owners can lease their land to producers, who will farm the

authorization form before they can receive payments. The lease agreement in this case was a cash-rent agreement between Mr. Kelley and the additional property owners of the land in question. The USDA allows a producer in a cash-rent agreement to collect Program payments if the producer can collect a majority of signatures on the authorization form (51%). The USDA investigated plaintiffs' claim that Mr. Kelley had forged their signatures. Initially, the USDA concluded that Mr. Kelley had power of attorney to sign plaintiffs' mother's signature; however, subsequent reports from the USDA indicate that Mr. Kelley did not have power of attorney. The Government contends that it does not matter for purposes of this case whether Mr. Kelley signed on behalf of plaintiffs or their mother because he had the requisite majority of signatures from seven of the ten property owners to enter into the cash-rent agreement with the USDA.

## DISCUSSION

■ Plaintiffs' initial Complaint alleged violations of various statutes that are without the jurisdiction of this court. *See* 18 U.S.C. § 495 (2006) and 42 U.S.C. § 1320a–3. This court has no jurisdiction over claims involving the federal criminal code. *Joshua v. United States,* 17 F.3d 378, 379 (Fed.Cir. 1994). Another claim relates to the Social Security Program. The Tucker Act does not grant this court jurisdiction over Social Security claims. *See* 28 U.S.C. § 1491(a)(1); *see also Addams–More v. United States,* 296 Fed.Appx. 45, 48 (Fed.Cir.2008).

■ We have jurisdiction over Fifth Amendment takings claims brought against the federal Government. *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.,* 525 F.3d 1299, 1309 (Fed.Cir.2008). A compensable taking "can occur not only through the government's physical invasion or appropriation of private property, but also by government regulations that unduly burden private property interests." *Huntleigh USA Corp. v. United States,* 525 F.3d 1370, 1378 (Fed.Cir.

2008). Plaintiffs do appear to have a property interest in the land in South Carolina for purposes of the Fifth Amendment. However, they have not asserted a claim that the USDA has taken an interest in the property. *See Meyers v. United States,* 96 Fed.Cl. 34, 62 (2010) (holding that plaintiff did not possess property rights in monetary benefits under a government subsidy program). The USDA did not take possession of the property or farm the property pursuant to the Direct and Counter–Cyclical Program, but merely approved the lease agreement between the additional property owners and Mr. Kelley. Plaintiffs have not claimed that they were denied Program payments or part of the proceeds from the cash-lease agreement.

If plaintiffs had alleged that they were denied Program payments, they would have been required to exhaust their administrative remedies. If they believed they were denied payment by the USDA they are required to first file an appeal with the USDA's National Appeals Division. *See* 7 U.S.C. § 6996(a). This court has no jurisdiction over an appeal of a denial by the National Appeals Division. *Allied Home Mortg. Capital Corp. v. United States,* 95 Fed.Cl. 769, 782 (2010).

■ Plaintiffs' Amended Complaint claimed the USDA had violated 5 U.S.C. §§ 552 and 552a. The Freedom of Information Act requires the Federal Government to disclose or partially disclose certain information held by the Government that has been previously unreleased to the public. 5 U.S.C. § 552. The Privacy Act of 1974 governs the way the Federal Government collects, maintains, uses, and disseminates personally identifiable information about individuals. 5 U.S.C. § 552a. This court does not have jurisdiction over claims based upon either of these statutes. *See, e.g., Treece v. United States,* 96 Fed.Cl. 226, 232 (2010).

The nature of plaintiffs' contract claim, if any, is unclear. Under the Tucker Act, this

property on behalf of the owner. Owners and producers can enter into either a share-rent agreement or a cash-rent agreement. In a share-rent agreement, the owner and producer share in the risk of producing crops and both may receive

Program payments. In a cash-rent agreement the owner does not share in the risk and thus only the producer can receive Program payments. The property at issue is subject to a cash-rent agreement.

court may "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). For this court to have jurisdiction over a breach of contract claim, a plaintiff must establish the existence of a contract. *See* 28 U.S.C. § 1491(a). Plaintiffs asserted they never signed the authorization forms; and therefore, they never entered into a valid contract with the USDA.

■ For this court to have jurisdiction over plaintiffs' constitutional claims, the claims must be money-mandating. *United States v. Mitchell*, 463 U.S. 206, 216, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). This court does not have jurisdiction over plaintiffs' claims for violations of the First Amendment because the First Amendment does not obligate the Federal Government to pay money damages. *United States v. Connolly*, 716 F.2d 882, 886–87 (Fed.Cir.1983), *cert. denied*, 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984). This court also has no jurisdiction over plaintiffs' Fourteenth Amendment claims. *Tasby v. United States*, 91 Fed.Cl. 344, 346 (2010). Plaintiffs' Fifth Amendment due process claim also falls outside the jurisdiction of this court because it is not money-mandating. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed.Cir.1995).

■ Plaintiffs' claims against defendants other than the United States Government must also be dismissed. The Tucker Act grants jurisdiction to this court to hear claims against the United States Government; claims against federal employees or individuals not associated with the United States Government must be dismissed. *See* 28 U.S.C. § 1491(a); *see also Brown v. United States*, 105 F.3d 621, 624 (Fed.Cir.1997).

### CONCLUSION

Plaintiffs' claim involving allegations that the USDA violated the Fifth Amendment by unlawfully taking their property must be dismissed, for failure to state a claim for which this court can grant relief. Plaintiffs' claims alleging a violation of criminal statute 18 U.S.C. § 495, Social Security statute 42 U.S.C. 1320a–3, FOIA and Privacy Act of 1974 statutes, 5 U.S.C. §§ 552 and 552a, and against defendants other than the United States, must be dismissed for lack of subject matter jurisdiction. Plaintiffs' claims involving the First Amendment, the Fourteenth Amendment, and the Fifth Amendment Due Process Clause must be dismissed for lack of jurisdiction.

The Clerk of Court will dismiss plaintiffs' Complaint for lack of jurisdiction and failure to state a claim for which relief may be granted. No costs.