ORIGINAL

# In the United States Court of Federal Claims

No. 15-1044C

(Filed: February 4, 2016)

FILED

FEB - 4 2016

U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

DONALD G. JONES AND REBECCA B. DUWELL,

*Plaintiffs,*

v.

THE UNITED STATES,

*Defendant.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Plaintiffs, appearing, *pro se*, allege in their amended complaint that three federal district court judges and a clerk of the Northern District of Georgia committed numerous errors that violated federal statutes and plaintiffs' constitutional rights. Plaintiffs request this court to review these errors and award them $28 million in damages. They also ask this court to refer the matter to the FBI and DOJ for investigation. Plaintiffs further request injunctive relief, including removal of district court judges from the bench and an order lifting an existing pre-filing injunction entered by the district court.

Defendant moved to dismiss the complaint for lack of subject matter jurisdiction, contending that this court does not have jurisdiction over the types of claims alleged nor the power to award the injunctive relief sought. That motion is fully briefed and oral argument is unnecessary.[1] We agree with defendant.

---

[1] Plaintiffs attempted to file a second opposition to the motion to dismiss, which was received by the clerk's office on February 2, 2016. That must be returned as unfiled because the motion is already fully briefed.

Jurisdiction is a threshold matter. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). *Pro se* plaintiffs are held to a more lenient standard, but they still have the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Id.* at 799 (Fed. Cir. 1995); *Barnes v. United States*, 122 Fed. Cl. 581, 582 (2015).

The Tucker Act, this court's primary grant of jurisdiction, affords us the authority to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States... in cases not sounding in tort." 28 U.S.C. § 1491 (a)(1) (2012). What this means is that a plaintiff must allege that there is a constitutional, statutory, or regulatory provision that directs that he is presently owed some amount of money or that he has a contract with the government under which he is owed payment.

As an initial matter, to extent that plaintiffs are seeking judicial review of the district court decisions mentioned in their complaint, they have filed in the wrong forum. This court "does not have jurisdiction to review the decision of district courts or the clerks of the district courts relating to proceedings before those courts." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). We turn now to the various sources of authorities cited by plaintiffs.

Plaintiffs argue that this court has jurisdiction under the Tucker Act over any suits for damages "exceeding $10,000" and therefore "any claims for money damages against Article III judges or clerks of the United States Federal court system." Am. Comp. at 2; Pl. Resp. at 2-3. We do not have jurisdiction over suits against individuals or entities other than federal government under the Tucker Act. *See* 28 U.S.C. § 1491(a); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials."). Even if plaintiffs' claims can be construed as against the United States, plaintiffs must demonstrate that the allegedly violated statutes are money-mandating or that their claims arise out of an express or implied contract with the United States.

Plaintiffs cite provisions of the Fifth, Seventh, Ninth, and Fourteenth Amendments of the Constitution as having been violated. Neither the Due

Process Clause of the Fifth Amendment nor the Equal Protection Clause of the Fourteenth Amendment are money-mandating provisions. The same is true of the Seventh and Fifth Amendments. None of these amendments support a claim under the Tucker Act. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (no jurisdiction under the Fourteenth Amendment); *Royce v. United States*, 1 Cl. Ct. 225, 226 (1982) (no jurisdiction under the Ninth Amendment); *Lehman v. Nakshian*, 453 U.S. 156, 160-161 (1981) (no jurisdiction under the Seventh Amendment); *Uzamere v. United States*, 2010 U.S. Claims LEXIS 676, at *9 (Fed. Cl. Sept. 3, 2010) ("Court of Federal Claims lacks jurisdiction over Fifth Amendment due process claims because Due Process is not a money-mandating provision.").

Similarly, we do not have jurisdiction over plaintiffs' alleged violation of civil rights acts ( *see, e.g.*, 18 U.S.C. §241, 242) or the Federal Recusal Statute (28 U.S.C. § 455) because those statutes do not provide for the payment of money. *See Clarke v. United States*, No. 10-283C, 2010 WL 2143675, at *2 (Fed. Cl. May 24, 2010) (holding that Section 241 and 242 of Title 18 "are criminal statutes that provide no basis for a civil action in any court."); *Uzamere*, 2010 U.S. Claims LEXIS 676, at *8 (holding that "Claims for alleged judicial misconduct under 28 U.S.C. § 455 are not money-mandating and therefore cannot serve as a basis for jurisdiction in the United States Court of Federal Claims.").

Plaintiffs also point to 28 U.S. Code § 1331 (federal question jurisdiction) as a basis of jurisdiction. Section 1331, however, only confers jurisdiction over federal questions on United States district courts. The Court of Federal Claims is not a district court within the meaning of Section 1331. *See Halim v. United States*, 106 Fed. Cl. 677, 683 (Fed. Cl. 2012); *Fry v. United States*, 72 Fed. Cl. 500, 504-505 (Fed. Cl. 2006).

Finally, we do not have general equitable jurisdiction to provide the non-monetary relief plaintiffs seek. Outside the context of a bid protest, equitable relief may only be provided as an incident of or collateral to a money judgment. *See James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998) (Equitable relief is available under Tucker Act, but limited to "an incident of and collateral to" a money judgment). Plaintiffs cite the All Writs Act, 28 U.S.C. § 1651(a), as a possible source for our authority to provide the relief

3

they seek. That act, however, does not provide for equitable relief where it is otherwise unavailable.[2] *See Simanonok v. Simanonok*, 918 F.2d 947, 952 (Fed. Cir. 1990) ("[I]njunctive claims . . . are not cognizable in a . . . Tucker Act case, absent a concurrent colorable claim for monetary recovery."); *Tasby v. United States*, 87 Fed. Cl. 180, 181 (2009) ("[The All Writs Act] permits writs in aid of jurisdiction, but does not itself create jurisdiction.").

In sum, plaintiffs have not alleged any claims, even considering their *pro se* status, over which we have jurisdiction. Accordingly, the following is ordered:

1. The clerk's office is directed to return unfiled the document received on February 2, 2016.

2. Defendant's motion to dismiss is granted.

3. The Clerk of Court is directed to dismiss the complaint for lack of jurisdiction and enter judgment accordingly. No costs.

ERIC G. BRUGGINK
Judge

---

[2] Likewise we do not have jurisdiction under the Tucker Act to refer matters to the FBI or DOJ for further investigation.